OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the indictment dismissed.
 

 There is sufficient proof to sustain the jury’s implicit finding that in the early morning hours of October 19, 1973 an attempt had been made to break into the grocery store at 58 Lowell Street. In prompt response to the ensuing police call, Detective Evans, with a fellow officer, finding no one in front of the building, went to the rear. They heard whispering and discerned two figures in the back yard two buildings to the west. On being discovered the two figures fled, and the officers gave unsuccessful chase. There is likewise sufficient proof to support a finding that defendant was one of the whispering fugitives.
 

 The fatal deficiency in the People’s case is the absence of any proof linking the whispering defendant to the attempted break-in. There was good evidence bridging this gap as to the codefendant, Ogden. Ogden was apprehended just a few moments later, and after being identified as one of the whisperers was arrested, given his rights and in an admissible confession told Detective Evans that he had gone with another person to enter 58 Lowell Street and to remove money and some food. As they were at the door prying on the hasp, headlights shone on them, they ran around the building to hide, later were accosted and fled. On request of defendant’s counsel, the trial court instructed the jury that this confession was admissible only against the defendant Ogden and could not in any way be used against defendant Irvin. With this evidence excised (and the People invite our intention to no other evidence), there remains no proof to connect defendant with the attempted break-in. Any inference which might be drawn from the fact that defendant was found in the back yard two buildings away is not sufficient to meet the requirements for circumstantial proof. His flight, normally a probative circumstance, in this instance could equally well be attributed to defendant’s having been discovered as an early morning trespasser.
 

 
 *706
 
 Chief Judge Breitel and Judge Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order reversed, etc.