OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the petition charging appellant with juvenile delinquency should be dismissed.
*829 Unlike the defendant in People v Wachowicz (22 NY2d 369), upon which the Appellate Division majority relied, appellant was in possession of no burglar’s tools. The only evidence to connect appellant circumstantially to the attempted break-in is his flight and the fact, which the Family Court Judge impliedly found, that appellant lied about his whereabouts at the time of the attempted break-in. As to the first, however, the flight could equally well be attributed to appellant’s status as a trespasser (People v Irvin, 43 NY2d 704; cf People v Leyra, 1 NY2d 199, 209). As to the latter, appellant’s denial of presence can hardly be equated with proof, beyond a reasonable doubt, of attempted burglary.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed, without costs, and the petition dismissed in a memorandum.