■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH BROWN, Also Known as KENNETH WRIGHT BROWN, Also Known as KENNETH BURKE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered July 30, 1981, convicting him of robbery in the first degree, upon a jury trial, and imposing sentence.

Judgment affirmed.

Defendant was charged in the first count of a five-count indictment with robbery in the first degree in that he aided and

abetted and acted in concert with another in forcibly stealing property from one Beatrice Bocca, and in the course of committing the crime and in immediate flight therefrom, displayed what appeared to be a handgun (Penal Law §§ 20.00, 160.15 [4]).

Based upon the record, we find no merit to defendant's contention that the prosecution failed to establish the crime of robbery in the first degree because it failed to introduce the weapon used in the robbery into evidence, or to present evidence that the weapon was loaded or capable of being fired. Penal Law § 160.15 (4) merely requires the prosecution to prove that the defendant or another participant displayed what appeared to be a pistol, revolver or other firearm. Contrary to defendant's assertions, it was incumbent upon defendant to prove, as an affirmative defense, that such weapon was unloaded or incapable of being fired. No such proof was offered by him (*see generally, People v Clark,* 41 NY2d 612, 616-617, *cert denied* 434 US 864; 2 CJI, Penal Law § 160.15 [4], at 950-954; Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 160.15, p 205).

Additionally, there is sufficient evidence in the record of defendant's active participation in the commission of the crime to support the jury's finding of guilt (Penal Law § 20.00; *People v Brathwaite,* 63 NY2d 839, 842).

Moreover, the trial court properly permitted evidence of defendant's attempted flight from the police to be introduced (*see, People v Yazum,* 13 NY2d 302, 304; *cf. People v Irvin,* 43 NY2d 704, 705). Finally, we find no merit to defendant's contention that there was a fatal variance between the allegations in the indictment and the proof offered at trial because the employee of the store was named as the "owner" of the stolen property. It is clear that the named employee had a right of possession to the stolen money superior to that of defendant or his coperpetrator who had no right of possession whatsoever (*see,* Penal Law § 155.00 [5]; *People v Hutchinson,* 56 NY2d 868, 869). Titone, J. P., O'Connor, Rubin and Lawrence, JJ., concur.