■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY HOCKETT, Appellant.—Appeal from judgment, Supreme Court, New York County (Luis Neco, J.), rendered March 22, 1984, which convicted defendant, after a jury trial, of the crime of robbery in the second degree (Penal Law § 160.10), and sentenced him, as a violent predicate felon, to an indeterminate prison term of from 5½ to 11 years, held in abeyance, and the action is remanded to the trial court to hold an evidentiary hearing concerning the prosecutor's exercise of his peremptory challenges, in accordance with Batson v Kentucky (476 US —, 90 L Ed 2d 69).

Following the completion of jury selection, and before the trial commenced, defense counsel moved for a mistrial, on the ground that the prosecutor had used 12 of his 17 peremptory

challenges to strike potential black jurors. The trial court denied that motion.

On April 30, 1986, the United States Supreme Court in *Batson v Kentucky* (476 US —, 90 L Ed 2d 69, *supra),* enunciated the standard to be used in order to determine whether a defendant has made a prima facie case of discriminatory selection by a prosecutor of a petit jury. In pertinent part, the Supreme Court held in *Batson (supra,* p —, pp 87-88):

"[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial [and no longer has to present proof that the prosecutor has followed this practice over a number of cases] * * *

"Once the defendant makes a prima facie showing, the burden shifts to the [prosecutor] to come forward with a neutral explanation for challenging black jurors".

Accordingly, we conclude that fairness requires us to remand this matter to the trial court for an evidentiary hearing in accordance with the principles set forth in *Batson (supra),* while we hold the appeal from the judgment of conviction in abeyance. Concur—Ross, Carro, Lynch and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: While I agree that the choice of members of a jury should not be a racial lottery,* it does not appear that the sole purpose in the challenges was to create a racially skewed jury, as there were two Blacks remaining on the jury.

Inasmuch as the jury eventually chosen was substantially representative of the community, we must face a pressing question of judicial administration. If, by some chance, a substantial number of Blacks or Whites are members of the panel and a great many of them are challenged peremptorily, this could mean that an evidentiary hearing becomes imperative, thus piling more and more dead weight upon the criminal justice system.

---

* The trial court suggested that there was no reasonable complaint about the use by the prosecutor of peremptory challenges to strike Blacks from the jury, because the defense was doing the same thing to eliminate potential White jurors.