OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
During their case-in-chief the People called the complainant to the stand. The complainant testified that defendant pulled an object wrapped in paper out of a box, stuck the object in complainant’s side, and demanded money. The complainant stated that he believed the object "was something [defendant] could harm me with * * * A revolver, a shotgun. Something like that”. Complainant, however, only contradicted his Grand Jury testimony, to the extent relevant, by testifying at trial that he never saw what the object was. There was another victim witness who testified to actually seeing the barrel of a shotgun.
*804 The trial court erred in allowing the People to impeach the complainant with his Grand Jury testimony, in which he stated that he actually saw the barrel of the shotgun. A party may impeach its own witness if such witness’ testimony on a material fact tends to disprove the party’s position or affirmatively damages the party’s case (CPL 60.35 [1]; People v Fitzpatrick, 40 NY2d 44, 51). To establish the crime of robbery in the first degree, the People needed only to show that defendant displayed what appeared to be a revolver or shotgun (see, Penal Law § 160.15 [4]). It was not necessary to show that anyone actually saw a revolver or shotgun (see, People v Baskerville, 60 NY2d 374, 381). Therefore, although complainant’s testimony was not as strong as the People desired, it did not affirmatively damage their case by tending to disprove the essential element of the case: that defendant displayed what appeared to be a firearm.
In light of the overwhelming evidence of defendant’s guilt, however, the error was harmless (see, People v Fuller, 50 NY2d 628, 638; People v Crimmins, 36 NY2d 230, 242). We have reviewed defendant’s remaining contentions and conclude that they are without merit.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed in a memorandum.