■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COREY HOCKETT, Appellant.—Judgment, Supreme Court, New York County (Luis Neco, J.), rendered March 22, 1984, which convicted defendant, after a jury trial, of the crime of robbery in the second degree (Penal Law § 160.10), and sentenced him, as a violent predicate felon, to an indeterminate prison term of from 5½ to 11 years, reversed, on the law and the facts, the judgment vacated, defendant's motion for a mistrial granted and the matter remanded for a new trial.

This appeal brings up for review the issue of the denial of defendant's motion for a mistrial, which motion was based upon the alleged improper exercise of peremptory challenges by the prosecutor. By order *(People v Hockett,* 121 AD2d 878 [1st Dept 1986]) entered July 1, 1986, this court held the appeal in abeyance, and remanded the matter to the trial court to hold an evidentiary hearing concerning whether the prosecutor exercised his peremptory challenges in accordance with *Batson v Kentucky* (476 US 79 [1986]). Thereafter, on August 6, 1986, the trial court held the required hearing, and, subsequently, that court filed a decision, dated October 27, 1986, which found that the prosecutor improperly exercised his peremptory challenges. Upon the basis of this court's adoption of the trial court's finding, defendant's motion for a mistrial is granted, and the matter is remanded for a new trial.

In February 1984, after the completion of jury selection, defense counsel moved for a mistrial, on the ground that the prosecutor had used 12 of his 17 peremptory challenges to strike potential black jurors. The trial court denied that motion.

Following defendant's conviction, and prior to the subject appeal being decided, the United States Supreme Court in *Batson v Kentucky* (476 US 79, *supra)* enunciated a new rule to be used in order to determine whether a defendant has made a prima facie case of discriminatory selection by a prosecutor of a petit jury. In pertinent part, the Supreme Court decided in *Batson v Kentucky (supra,* at —, at 1722-1723):

"[A] defendant may establish a prima facie case of purposeful discrimination in selection of the petit jury solely on evidence concerning the prosecutor's exercise of peremptory challenges at the defendant's trial [and no longer has to present proof that the prosecutor has followed this practice over a number of cases] * * *

"Once the defendant makes a prima facie showing, the burden shifts to the [prosecutor] to come forward with a neutral explanation for challenging black jurors".

Thereafter, by its decision in *Griffith v Kentucky* (479 US 479, —, 107 S Ct 708, 716 [1987]), the United States Supreme Court ruled that *Batson v Kentucky (supra)* "is to be applied retroactively to all cases, state or federal, pending on * * * review".

In view of the *Batson* decision, we held this appeal in abeyance, and remanded the matter to the trial court for an evidentiary hearing. After our review of the transcript of the evidentiary hearing, we agree with the finding of the trial court that the prosecutor improperly exercised his peremptory challenges *(Batson v Kentucky, supra).*

Accordingly, we reverse and grant defendant's motion for a mistrial. Concur—Ross, Carro and Rosenberger, JJ.

Kupferman, J. P., dissents in a memorandum as follows: If the purpose is to abolish the peremptory challenge (CPL 270.25, 360.30), then it should be done by the Legislature.

As I pointed out in my prior dissent in this matter (121 AD2d 878, 879), there were two blacks remaining on the jury, substantially representative of the community. There was no need to refer this matter for a hearing concerning discriminatory use of peremptory challenges.

Lawyers will tell you that the exercise of peremptory challenge is, many times, based on intuition, perception and a sixth sense derived from experience. How does one explain such a phenomenon?

Does this mean, for the purpose of analogy, that if 12 out of 17 peremptory challenges are used to excuse women from a jury, even though two remain, a hearing is required to be

held? Will the People have to count to be sure that less than half of the permissible challenges are of any one race, sex or religion? The criminal justice system is already in enough trouble without having an additional burden placed upon it. The challenges in this case were not a violation of the rule laid down in *Batson v Kentucky* (476 US 79).