(April 28, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant.—Judgment of the Supreme Court, New York County (Robert M. Haft, J.), rendered August 7, 1984, convicting defendant Joseph Smith, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15) and robbery in the second degree (Penal Law § 160.10), and sentencing him, as a second violent felony offender, to two concurrent indeterminate terms of from 7 to 14 years' imprisonment, unanimously modified, on the law, to vacate the adjudication as a second violent felony offender and, instead, to adjudicate defendant a second felony offender, and to vacate the sentence imposed and remand the matter for resentencing in view of defendant's reduced predicate status, and except as so modified, affirmed.

The People filed a predicate violent felony statement in the within action alleging that on September 30, 1977 defendant had been convicted in United States District Court of the Federal felony of bank robbery as defined in 18 USC § 2113 (a). As the People commendably concede, the Federal bank robbery statute under which defendant was previously convicted has as its New York State statutory analogue *(see, People v Gonzalez,* 61 NY2d 586; Penal Law § 70.04 [1] [b] [i]) the crime of robbery in the third degree (Penal Law § 160.05),

a felony which is not deemed violent for sentencing purposes. *(Cf., People v Tilman,* 114 AD2d 799, 800; Penal Law § 70.02 [1] [c].) Accordingly, the use of the 1977 conviction as a predicate for adjudicating defendant a second violent felony offender was improper, and we modify the appealed judgment to reflect that defendant's true predicate status is that of a second felony offender.

Despite the erroneous adjudication of defendant as a second violent felony offender, the sentence imposed was both legal and appropriate in duration. The 7-to-14-year term imposed was considerably less than the 12½-to-25-year maximum term to which defendant might have been sentenced. In view of the seriousness of the crimes involved, it cannot be said that the sentence which defendant agreed to as a result of his plea bargain was excessive. Nevertheless, the matter should be remanded for resentencing since it is uncertain whether the court's error concerning defendant's predicate status influenced its determination of the sentence imposed. Concur— Murphy, P J., Ross, Asch, Milonas and Rosenberger, JJ.