■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STROY HARPER, Also Known as HOLLY HARPER, Appellant.— Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered April 27, 1984, convicting him of robbery in the first degree, upon a jury verdict and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620) we find that it was legally sufficient to establish that the defendant, acting in concert with another, was guilty of robbery in the first degree. The complaining witness identified the defendant as a participant in the robbery and his testimony concerning the incident established that the defendant was not a mere bystander. Contrary to the defendant's contention, Penal Law § 160.15 (4) does not require the People to introduce into evidence the gun used in the robbery or to present evidence that it was loaded *(see, People v Saez,* 69 NY2d 802; *People v Baskerville,* 60 NY2d 374; *People v Brown,* 108 AD2d 922).

The credibility of the testimony of the complaining witness vis-à-vis that of the defense witnesses, was primarily a matter for resolution by the jury. Upon the exercise of our factual review power, we are satisfied that the evidence established the defendant's guilt beyond a reasonable doubt and that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Finally, the record as a whole establishes that the defendant was provided meaningful representation *(see, e.g., People v Baldi,* 54 NY2d 137; *People v Vega,* 126 AD2d 686, *lv denied* 69 NY2d 887; *People v Morris,* 100 AD2d 630, *affd* 64 NY2d 803). Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.