■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE LASTER, Appellant

On defendant's previous appeal from this robbery conviction, we had determined that defendant was improperly sentenced as a persistent violent felony offender, and remanded for resentencing as a second violent felony offender. (118 AD2d 509.)

When defendant appeared for resentencing on April 10, 1986, the trial court had before it only the original presentence report prepared over two years earlier, in 1984, and an even earlier 1978 presentence report.

CPL 390.20 (1) mandates that the sentencing court must order a presentence investigation of the defendant and that it may not pronounce sentence until it has received a written report of such investigation. *(See also, People v Selikoff,* 35 NY2d 227, 238.)

Here, the court had before it a presentence report more than two years old when it sentenced the defendant. As we held in *People v Saez* (121 AD2d 947, *affd* 69 NY2d 802), a presentence report is inadequate unless it contains current, updated information pertinent to the imposition of a proper sentence. Accordingly, on authority of *Saez,* we must vacate the sentence and remand for the preparation of an updated report and resentencing. Concur—Ross, Carro, Rosenberger and Ellerin, JJ.

Kupferman, J. P., dissents in a memorandum as follows:

Once again, an unjustified burden is placed on the criminal justice system.*

The defendant has been continually incarcerated, and therefore any presentence report could only cover his time in prison. Accordingly, *People v Saez* (121 AD2d 947, *affd* 69 NY2d 802) is not authority because in that case there was a period of time during which the defendant was released.

If we are simply to determine how the defendant has been conducting himself while in prison, it would be for the purpose of "good behavior time" *(see,* Penal Law § 70.30 [4]), which is not our function. This defendant is being sentenced for his original crime, and the fact that we directed resentencing on a technicality should not change the approach. I would affirm.

---

* *See, e.g., People v Hockett,* 121 AD2d 878, 879 (dissent), *after remand* 128 AD2d 393, 394 (dissent); *People v Boulware,* 130 AD2d 370, 375 (dissent), *appeal dismissed* 70 NY2d 994; *People v Miller,* 130 AD2d 449, 451 (dissent); *People v Mosley,* 136 AD2d 500, 501 (dissent).