■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SMITH, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.), entered July 14, 1987, which resentenced defendant, as a second felony offender, to two concurrent indeterminate prison terms of from 7 to 14 years, upon his conviction, by plea of guilty, to the crimes of robbery in the first (Penal Law § 160.15) and second (Penal Law § 160.10) degrees, is unanimously modified, on the law and on the facts, to the extent of only vacating the sentences imposed, and, remanding the matter to Criminal Term for resentencing, upon the basis of an updated presentence report, which is to be prepared in accordance with CPL 390.20 (1), and, except as thus modified, otherwise affirmed.

On defendant's previous appeal from the instant robbery conviction, we determined that he had been improperly sentenced as a second violent felony offender, and remanded for resentencing as a second felony offender (People v Smith, 129 AD2d 517 [1st Dept 1987]).

Based upon our review of the record, we find, and the People concede, there is no evidence that when defendant was

resentenced, Criminal Term had before it an updated presentence report. Since defendant was resentenced on July 14, 1987, which was almost three years after the date he was originally sentenced, we find, and the People concede, that Criminal Term erred in resentencing defendant without the benefit of an updated presentence report, prepared in accordance with CPL 390.20 (1) *(People v Saez,* 121 AD2d 947 [1st Dept 1986], *affd* 69 NY2d 802 [1987]; *People v Laster,* 140 AD2d 233 [1st Dept 1988]; *People v Roberts,* 143 AD2d 560 [1st Dept 1988]). In *People v Saez (supra,* at 948), we held, in pertinent part, "CPL 390.20 (1) mandates, and the public policy of our State requires, a current presentence report before sentence is imposed". Accordingly, we modify the judgment to the extent of vacating the sentences, and remand for resentencing.

We have considered the defendant's contention that the sentences imposed were excessive, and find it to be without merit. Concur—Ross, Milonas, Wallach and Rubin, JJ.

Kupferman, J. P., concurs on constraint of *People v Laster* (140 AD2d 233).