■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BAKER, Appellant.—Appeal from a judgment of the Supreme Court, New York County (Irving Lang, J.), rendered May 15, 1986, which convicted defendant, after jury trial, of criminal possession of a weapon in the third degree and resisting arrest and sentenced him, as a persistent violent felony offender, to a prison term of six years to life on the weapons charge and a concurrent one-year prison term on the resisting arrest charge, held in abeyance, and the matter remanded to the Supreme Court for a hearing in accordance with this memorandum.

The conviction of the defendant, a black man, arises from an incident in which he allegedly assaulted a white police woman. An all-white jury convicted the defendant of two charges. Prior to trial, at the conclusion of the jury selection, defense counsel moved for a mistrial, arguing that the defendant was being deprived of a fair trial because the prosecutor had improperly exercised his peremptory challenges by intentionally striking potential black jurors, leaving an all-white jury, except for the second alternate, who was black.

In response to the oral motion, the trial court stated: "There were only about five or six blacks on the entire panel. Two black jurors excused themselves. * * * There was another black juror who asked to be excused. I did notice two or three of the other black jurors were excused by the People, one of whom I thought would be a very fine juror, frankly, for either side. With respect to this last batch, if I were the prosecutor, I would have excused the jury and have kept up. Do you want to say anything with respect to this". The ADA merely stated that he resented the defense suggestion of racism and conclusorily denied that he challenged any juror on that basis. The trial court then denied the motion for a mistrial.

Two weeks after defendant's conviction, the United States Supreme Court rendered its decision in *Batson v Kentucky* (476 US 79), holding that a defendant can establish a prima facie case of purposeful discrimination in selection of a petit jury, solely on evidence concerning the prosecutor's exercise of peremptory challenges, and that once defendant makes a prima facie showing, the burden shifts to the prosecutor to come forward with a neutral explanation for challenging black jurors. *Batson* applies retroactively to all pending appeals. (*Griffith v Kentucky,* 479 US 314.)

Notwithstanding some confusion in the record as to the exact number of potential black jurors and the precise number of challenges exercised by the People, we find that the defendant established a prima facie case of discrimination in jury selection. The record establishes that of the potential black jurors, all but one were eliminated, three by their own excuse and two or three by the prosecutor's peremptory challenges, one of those, despite the court's finding that he would have made a "fine juror". The sole black selected was an alternate juror, and in any event the inclusion of one lone black alternate juror does not negate the prima facie showing of purposeful discrimination. *(See, People v Jenkins,* 75 NY2d 550; *People v Hockett,* 128 AD2d 393.)

In the face of defendant's prima facie showing, *Batson (supra)* places the burden on the prosecutor to come forward with a neutral explanation for excluding black jurors. Here, the prosecutor merely issued a blanket statement denying racist intent, which is insufficient. *(Batson v Kentucky,* 476 US, *supra,* at 98.) However, since *Batson* had not yet been decided, the prosecutor cannot be said to have had a meaningful opportunity to more fully articulate a "neutral explanation" for his challenges or perceive a need to do so. Accordingly, the proper procedure, as we have employed in the past, is to hold this appeal in abeyance and remand the matter for an evidentiary hearing. *(See, e.g., People v Jenkins, supra; People v Hockett, supra; People v Hassell,* 149 AD2d 530.) Concur—Kupferman, J. P., Ross, Asch, Ellerin and Rubin, JJ.