■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT WASHINGTON, Appellant.—Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered March 6, 1987, which resentenced defendant to concurrent

indeterminate prison terms of from 12 to 24 years and 7 to 14 years, upon his conviction of robbery in the first and second degrees (Penal Law § 160.15 [2]; § 160.10 [1]), is modified, on the law, to vacate the sentence and remand for the preparation of an updated pre-sentence report, in accordance with CPL 390.20 (1), and for resentencing, and otherwise affirmed.

Following a jury trial, defendant was convicted on July 16, 1982, of robbery in the first and second degrees and sentenced, on February 4, 1983, as a persistent violent felony offender, to concurrent indeterminate prison terms of from 12 years to life and 8 years to life, respectively. By decision dated December 23, 1986, this Court held that defendant had been improperly adjudicated a persistent violent felony offender, and accordingly vacated the sentence and remanded for resentencing. *(People v Washington,* 125 AD2d 254.)

On March 6, 1987, the trial court imposed sentence without benefit of an updated pre-sentence report. As conceded by the People, this was error requiring vacatur of the sentence and remand for re-sentence. (CPL 390.20 [1]; *People v Selikoff,* 35 NY2d 227, 238; *People v Laster,* 140 AD2d 233; *People v Ruiz,* 157 AD2d 525.)

In light of this determination, we do not reach defendant's remaining argument on appeal. Concur—Sullivan, J. P., Rosenberger, Asch and Kassal, JJ.

Kupferman, J., dissents in a memorandum as follows: The "concession" by the People is based on an erroneous interpretation by this Court of CPL 390.20 (1). *People v Selikoff* (35 NY2d 227, 238) is not in point on the issue before us.

The defendant having at all pertinent times been incarcerated, there is no need for a further presentence report.

As I stated in my dissent in *People v Laster* (140 AD2d 233, 234):

"Once again, an unjustified burden is placed on the criminal justice system.

"The defendant has been continually incarcerated, and therefore any presentence report could only cover his time in prison. Accordingly, *People v Saez* (121 AD2d 947, *affd* 69 NY2d 802) is not authority because in that case there was a period of time during which the defendant was released.

"If we are simply to determine how the defendant has been conducting himself while in prison, it would be for the purpose of 'good behavior time' *(see,* Penal Law § 70.30 [4]), which is not our function. This defendant is being sentenced for his

original crime, and the fact that we directed resentencing on a technicality should not change the approach. I would affirm."

Thereafter, in a similar situation in *People v Ruiz* (157 AD2d 525, 526), I concurred on constraint of *People v Laster (supra)*, which concurrence I now perceive to have been error on my part.

The Court of Appeals should make a definitive determination on this question. With the already heavy burden on the investigative services, to slavishly mandate this additional function is wrong.

Moreover, in this matter the court had a de facto updated presentence report based on letters from the defendant and the colloquy at resentencing. *(People v Allen W.,* 129 AD2d 867, 868.)