■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED CAPERS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him, following a jury trial, of manslaughter in the first degree (as a lesser included offense of murder in the second degree) and criminal possession of a weapon in the fourth degree. The conviction arises out of the fatal stabbing of a man who lived with defendant in a group residence in the City of Utica. The stabbing was witnessed by several other occupants of the house, all of whom testified that defendant stabbed the unarmed victim.

On appeal, defendant contends that he was denied his constitutional right to a speedy trial. Upon our review of the record, we conclude that County Court properly denied defendant's motion to dismiss. A felony complaint was filed on October 22, 1987. The Grand Jury returned an indictment charging defendant with murder in the second degree and criminal possession of a weapon on November 19, 1987. On November 23, 1987, the People filed a written notice of readiness. Thereafter, the People obtained a material witness warrant for the arrest of one of the residents of the group residence who had witnessed the stabbing. On December 8, 1988, defendant made a written motion to dismiss the indictment for failure to grant him a speedy trial. The People opposed the motion and claimed that any delay in granting defendant a speedy trial was due to "exceptional circum-

stances" as a result of the unavailability of a necessary and material witness. In our view, County Court properly concluded that there had been no undue delay and denied defendant's motion. After balancing the factors to be considered on a motion to dismiss an indictment for violation of defendant's constitutional right to a speedy trial *(see, People v Taranovich,* 37 NY2d 442, 445), we agree that the 15-month delay in the circumstances of this case does not mandate dismissal of defendant's indictment *(see, People v Bobbitt,* 155 AD2d 892, *lv denied* 75 NY2d 810; *People v White,* 81 AD2d 486, *cert denied sub nom. Williams v New York,* 455 US 992).

Defendant also contends that he was improperly sentenced as a second violent felony offender. Before sentencing, the People filed a statement pursuant to CPL 400.15 charging defendant with being a second violent felony offender based upon a 1976 conviction in Georgia for robbery by intimidation. The People also filed a statement pursuant to CPL 400.21 charging defendant with being a second felony offender based upon a 1983 conviction in Pennsylvania for robbery in the third degree. At sentencing, the court arraigned defendant on the second violent felony offender statement and defendant declined to controvert any of the allegations contained in the statement. The court then proceeded erroneously to sentence defendant "as a second felony offender". After a discussion off the record, the sentencing court made a correction in the sentencing, noting that defendant was sentenced "as a second violent felony offender" to the same term previously imposed.

Defendant candidly acknowledges that by failing to controvert the allegations in the second violent felony offender statement at the time of sentencing, he has failed to preserve that issue for appellate review *(People v Smith,* 73 NY2d 961, 962-963). Although the People concede that the prior Georgia conviction for robbery by intimidation is not a "violent felony" and therefore it was inappropriate to classify defendant as a second violent felony offender, they maintain that reversal in the interest of justice is not warranted because defendant was a second felony offender and was properly sentenced as such. We agree. From the record, it is apparent that, if we were to vacate the erroneous adjudication of defendant as a second violent felony offender, vacate the sentence imposed and remit for resentencing *(see, People v Smith,* 129 AD2d 517, 518), the sentencing court would impose the same sentence it initially imposed upon defendant as a second felony offender, which was also the same sentence the court imposed upon defendant

as a second violent felony offender. That would result in a needless waste of judicial time and expense.

In view of the vicious nature of the offense and defendant's prior criminal record, we conclude that the sentencing court did not abuse its discretion in imposing a significant term of incarceration. (Appeal from Judgment of Oneida County Court, Parker, J.—Manslaughter, 1st Degree.) Present—Callahan, A. P. J., Denman, Pine, Balio and Lawton, JJ.