■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN PETERSON, Appellant. [614 NYS2d 401] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J.) rendered April 20, 1992, convicting defendant, after a jury trial, of manslaughter in the second degree, and sentencing him as a predicate felony offender to a term of 7½ to 15 years, unanimously affirmed.

Defendant was observed as he provoked a confrontation with the considerably older victim, apparently because the victim was selling newspapers on a particular corner. After the defendant threw the victim's newspapers down a subway entrance's steps, the victim pulled out a length of pipe from his pocket, but he continued to hold the pipe low. Defendant grabbed the pipe and started to beat the victim repeatedly on the head, even after the victim was prostrate on the ground, and even after arriving police had identified themselves and had directed the defendant to stop. At no time did the defendant back away after he had grabbed the pipe, or even after he had knocked the victim to the ground (see, Penal Law § 35.15 [2] [a]). The medical evidence established that the victim died from injuries sustained from the blows to the head. These events were observed by several credible witnesses who provided essentially consistent testimony. Defendant's sole witness provided internally inconsistent as well as otherwise incredible testimony. Defendant's trial strategy was predicated on his denial that he had ever hit the victim with the pipe, rather than on self defense, and thus he never requested submission of a justification charge. Since no reasonable view of the evidence would have supported submission of the justification defense (see, People v Padgett, 60 NY2d 142, 144), there was no basis for court, sua sponte, to submit the defense to the jury.

While the People concede that it was error to have impeached one of their own witnesses with his grand jury testimony, since the marginally different trial testimony did

not affirmatively damage the prosecution's case *(see, People v Saez,* 69 NY2d 802, 804), defendant's failure to object on this specific basis renders the claim unpreserved for review as a matter of law. In any event, the overwhelming evidence of defendant's guilt renders the error harmless *(supra,* at 804; *People v Zenger,* 134 AD2d 640, *lv denied* 70 NY2d 1012).

Defendant's challenge to the sentence imposed is without merit. Concur—Sullivan, J. P., Carro, Wallach, Williams and Tom, JJ.