■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN SANTANA, Appellant. [626 NYS2d 94] —Judgment, Supreme Court, Bronx County (Richard L. Price, J.), rendered October 26, 1993, convicting defendant, after a jury trial, of two counts of assault in the second degree and one count of petit larceny, and sentencing him, as a second felony offender, to two consecutive terms of 3 to 6 years on the assault counts, to run concurrently with 1 year on the petit larceny count, unanimously affirmed.

There was no reasonable view of the evidence to support any justification charge. Defendant sought out his estranged wife and her teenage lover in the early morning hour, under the guise of giving her some documents, and repeatedly banged on her door. He then forced his way into the apartment, told his victims that they were going to die, disarmed the teenager after the latter struck him with a broomstick, and proceeded to repeatedly stab each victim with two steak knifes which he took from the kitchen, even after they were

cornered and lay helpless on the bed *(People v Collice,* 41 NY2d 906; *People v Peterson,* 205 AD2d 456, *lv denied* 84 NY2d 831).

Defendant's challenge to the prosecutor's use of the wife's Grand Jury testimony to refresh her recollection regarding the defendant's threat to kill his victims, which was made upon entering the apartment, was not preserved on the grounds asserted for the first time on appeal *(People v Peterson, supra,* at 456-457), and we decline to review it in the interest of justice. If we were to review it, we would find, as the People concede, that although the prosecutor should not have read the testimony out loud to the jury *(cf., People v Brisbane,* 203 AD2d 89, 90, *lv denied* 83 NY2d 909), the error was harmless in view of the overwhelming evidence of defendant's guilt, the teenager's testimony regarding the same events, and defendant's acquittal on the attempted murder charges *(People v Saez,* 69 NY2d 802, 804).

We perceive no abuse of the sentencing court's discretion with respect to the imposition of consecutive sentences on each of the assault charges, since the stabbing of the victims were discrete and separate acts *(People v Brathwaite,* 63 NY2d 839, 843). Nor were the sentences excessive *(People v Davis,* 174 AD2d 369, 370, *lv denied* 83 NY2d 966). Concur—Murphy, P. J., Rosenberger, Rubin, Tom and Mazzarelli, JJ.