■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TITO KELLO, Appellant. [700 NYS2d 150] —Judgment, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), rendered April 27, 1995, convicting defendant, after a jury trial, of manslaughter in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 8⅓ to 25 years, 12½ to 25 years and 5 to 15 years, unanimously affirmed.

Defendant's generalized objections, followed later in the trial by an untimely mistrial motion, failed to preserve his present

challenge to the prosecutor's attempt to impeach her own witness without satisfying the requirements of CPL 60.35 (1) (*see, People v Narayan*, 54 NY2d 106, 112; *People v Santana*, 215 AD2d 105, 106, *lv denied* 86 NY2d 801), and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court properly exercised its discretion in denying the mistrial motion. The court struck the offending testimony with suitable curative instructions, and, in light of the overwhelming evidence against defendant, any error was harmless (*see, People v Saez*, 69 NY2d 802, 804).

The court properly exercised its discretion in connection with admission of properly redacted 911 calls. Since the purpose of all three calls was to help the investigating police at the scene locate the alleged perpetrator of a crime that indisputably had occurred prior to the time the calls were made, the caller's reference to that crime served merely to place the content of the calls in appropriate context, and since in all other respects the caller was describing events observed substantially contemporaneously with the observation of those events, the appropriately redacted tapes were properly admitted under the present sense impression exception to the hearsay rule (*see, People v Brown*, 80 NY2d 729). The caller's contemporaneous observations would have made no sense without reference to the past event.

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find no basis for reversal. Concur—Ellerin, P. J., Tom, Rubin, Andrias and Buckley, JJ.