THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN PADUA, Appellant. [747 NYS2d 205]

Defendant and codefendant Alexis Nieves were indicted by a Bronx grand jury for robbery in the first degree, robbery in the second degree and related crimes arising out of a gunpoint robbery of a livery cab driver on January 13, 1998. Defendant and Nieves, who both displayed guns during the robbery, struck the driver with their guns, took money and jewelry from him, threatened to tie him up and kill him because he had seen their faces and repeatedly punched and kicked him during the course of the robbery.

The robbery was interrupted, however, when Detective Crowley and Officer Taenzer observed defendant and Nieves punching and kicking the driver on the ground. When Detective Crowley approached the cab, defendant and Nieves fled. The driver told the officers that the two men had just robbed him and that they both had guns. Officer Taenzer got out of the police car, chased Nieves and tackled him. Crowley used the police car to block defendant's path, and, as Crowley got out of the car, he observed defendant throw a black object into the bushes. Officer Taenzer retrieved the object, which was a black

imitation pistol, or BB gun, and gave it to Crowley.[1] Crowley searched the area for the other gun, but did not find it. Both defendants were identified by the driver and placed under arrest.

The court submitted four counts to the jury: robbery in the first degree (displayed what appears to be a firearm [Penal Law § 160.15 (4)]); robbery in the second degree (aided by another actually present [Penal Law § 160.10 (1)]); robbery in the second degree (displayed what appears to be a firearm, reduced from robbery in the first degree where affirmative defense proven [Penal Law § 160.15 (4); § 160.10 (2) (b)]); and attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [2]).

The court charged the affirmative defense to robbery in the first degree under Penal Law § 160.15 (4) as follows: "[I]t is an affirmative defense that the pistol displayed by the defendants was not a loaded weapon from which a shot readily capable of producing death or other serious physical injury could be discharged. The burden of establishing such affirmative defense is placed by law upon the defendant and must be established by them to your satisfaction by a preponderance of the evidence."

The court further explained that if the defendants meet this burden, a guilty verdict of robbery in the first degree is reduced to robbery in the second degree.

During deliberations, the jury sent a note requesting, inter alia, that the court reread the charges and give it "any evidence about whether or not the gun was loaded." Defense counsel argued that the note indicated that the jury was trying to determine whether "this case is about a real gun or whether it is about guns that appear to be pistols." Thereafter, both defense counsel requested that the court instruct the jury that the BB gun in evidence "is not a firearm." The prosecutor responded that defense counsel were "jumping to conclusions" and speculating, since the jury could have been considering the unrecovered weapon, not the BB gun. After hearing additional argument from both sides, the court stated that it would advise the jurors that they would have to clarify their inquiry.

The court told the jury that it could not answer its question regarding whether or not the gun was loaded, but instructed: "I spoke with the lawyers about that very question and

---

1. The imitation pistol was admitted into evidence as a People's exhibit at trial. No testimony was offered as to whether this pistol was loaded or operable.

everybody gave it a little bit of a different spin. So you're going to have to be a lot clearer about what you want by way of that question * * * so if you would like to send a follow-up note being a lot more specific and a little clearer, I will take your follow-up note and read it and share it with the lawyers again."

Defense counsel took no exception to this instruction. The court then reinstructed the jury on the elements of robbery in the first degree and the affirmative defense. After the jury resumed deliberations, both defense counsel renewed their request that the court instruct the jury that the gun in evidence is not a firearm "as a matter of law." The court denied the application.

The jury returned a verdict convicting defendant and codefendant of robbery in the first degree (displayed), robbery in the second degree (aided) and attempted assault in the second degree.

On appeal, defendant argues that the trial court's refusal to instruct the jury that a BB gun is not a firearm for purposes of the "display" element of first-degree robbery denied him his due process right to a fair trial.[2] Defendant further contends that the court failed to respond meaningfully to the jury's note, since the note demonstrated that the jury was under the misimpression that the BB gun could satisfy the "display" element of first-degree robbery. We disagree with defendant's contentions and affirm the judgment of conviction.

Under CPL 310.30, a deliberating jury may request "further instruction or information with respect to the law, with respect to the content or substance of any trial evidence, or with respect to any other matter pertinent to the jury's consideration of the case." Presented with such a request, a trial court, in its discretion, must respond meaningfully to the jury's inquiry. (*People v Malloy*, 55 NY2d 296, 302, *cert denied* 459 US 847.)

When the adequacy of a trial court's response to a jury's inquiry is challenged on appeal, a reviewing court must consider the form of the jury's question, which may need to be clarified before it can be answered, the particular issue that the question addresses, the supplemental instruction that was actually given and any resulting prejudice to the defendant (*id.*; *People v Almodovar*, 62 NY2d 126, 131-132; *People v Ellis*, 183 AD2d 534, 536, *affd* 81 NY2d 854).

---

**2.** To the extent defendant's argument raises a constitutional claim, it is unpreserved for appellate review because he never raised it below (*see People v Iannelli*, 69 NY2d 684, 685, *cert denied* 482 US 914), and we decline to review it in the interest of justice. Were we to review such claim, we would reject it.

The trial court's response to the jury's note was meaningful and did not prejudice defendant. Since the victim testified at trial that two guns were used in the robbery, the jury's request for "any evidence about whether or not the gun was loaded" was ambiguous in that it did not identify which gun it was referring to. The jury may have been inquiring about the BB gun, which was the only gun admitted into evidence at trial. Or, having heard that the gun in evidence was a BB gun, not a real gun, it is also possible that the jury's question as to whether the gun was "loaded" referred to the unrecovered gun. In any case, given this unique situation where the jury did not identify which gun was the subject of their inquiry, it was a proper exercise of discretion for the court to ask the jury to clarify their request (*see People v Malloy*, 55 NY2d at 302).

We also note that, with respect to the charge of robbery in the first degree (displayed), the People are not required to introduce into evidence the weapon used in the robbery; nor must they present evidence that the weapon was loaded or capable of being fired (*see People v Harper*, 136 AD2d 736, *lv denied* 71 NY2d 1027; *People v Brown*, 108 AD2d 922, 923, *lv denied* 64 NY2d 1131). Instead, "Penal Law § 160.15 (4) merely requires the prosecution to prove that the defendant or another participant displayed what appeared to be a pistol, revolver or other firearm" (*id.*).

In light of the above, the trial court properly rejected defendant's request to charge the jury that a BB gun is not a firearm. Defendant's proposed instruction was not responsive to the jury's question and, quite possibly, was erroneous. As indicated, to convict on the charge of robbery in the first degree (displayed), it is sufficient that the object displayed appear to be a firearm, not actually be one (*People v Saez*, 69 NY2d 802, 804). Furthermore, the affirmative defense to robbery in the first degree comes into play only when it is demonstrated by a preponderance of the evidence that the gun was unloaded or inoperable—and there was no such evidence offered in this case with respect to either gun (*People v Brown*, 108 AD2d at 923).

Accordingly, we conclude that the requested instruction was inappropriate under the circumstances and that the more prudent course was that taken by the trial justice, namely, asking the jury to clarify their request. Concur—Tom, J.P., Buckley, Ellerin, Wallach and Gonzalez, JJ.

