■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MORALES, Appellant. [827 NYS2d 334]—

Lahtinen, J. Appeal from a judgment of the County Court of Rensselaer County (Czajka, J.), rendered September 24, 2004, upon a verdict convicting defendant of the crimes of attempted burglary in the first degree, attempted robbery in the first degree and criminal possession of a controlled substance in the fourth degree.

Defendant and several other individuals, wearing masks and one carrying a rifle, rang the bell at the rear entrance of a two-story building where the victims resided in a second-floor apartment. One victim responded by walking down the common staircase and opening the door, resulting in the assailants entering the stairway and demanding various items from her. Another victim, who was still upstairs, heard the commotion, opened the apartment door—encountering one of the assailants—and announced that she was calling 911 as she shut and locked the door. All assailants, except defendant, fled. When police arrived, they heard defendant at the top of the stairs shouting threats, trying to gain entry to the apartment, and demanding money, drugs and jewelry. Unsuccessful in his efforts to enter the apartment, defendant descended the stairs, where police encountered him armed with a loaded rifle and wearing a ski mask. He was arrested and found to also be in possession of crack cocaine.

Indicted for various crimes, defendant was convicted following a jury trial of attempted burglary in the first degree, attempted robbery in the first degree and criminal possession of a controlled substance in the fourth degree. County Court sentenced him to prison terms of 15 years for attempted burglary, 15 years for attempted robbery and 5 to 15 years for criminal possession, all to run concurrently, as well as five years of postrelease supervision. Defendant appeals arguing that County Court erred in refusing his request to charge certain lesser included offenses and that the sentence was harsh.

We turn first to defendant's contention that he was entitled to charges of the lesser included offense of attempted burglary in the second degree (*see* Penal Law §§ 110.00, 140.25 [1] [d]) regarding the charged count of attempted burglary in the first degree (*see* Penal Law §§ 110.00, 140.30 [4]), and attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [2] [b]) for the charged count of attempted robbery in the first degree (*see* Penal Law §§ 110.00, 160.15 [4]). A defendant is entitled to a lesser included offense charge upon showing, first, that it is impossible to commit the greater crime without committing the lesser and, second, that a reasonable view of the evidence supports a finding that defendant committed the lesser but not the greater offense (*see People v Barney*, 99 NY2d 367, 371 [2003]; *People v Van Norstrand*, 85 NY2d 131, 135 [1995]; *People v Glover*, 57 NY2d 61, 63 [1982]). The People do not argue that the first element necessary for a lesser included offense was not satisfied and review of the relevant statutes confirms that element is met here. Resolution of the issue as to each requested charge thus turns on the second element.

The difference between attempted robbery in the first degree under Penal Law § 160.15 (4) and attempted robbery in the second degree under Penal Law § 160.10 (2) (b) turns on whether defendant presented proof of the affirmative defense that the rifle "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]; *see People v Gilliard*, 72 NY2d 877, 878 [1988]). Stated another way, "[t]o establish the crime of robbery in the first degree, the People needed only to show that defendant displayed what *appeared* to be a [rifle]" (*People v Saez*, 69 NY2d 802, 804 [1987]) and the affirmative defense comes into play only if defendant offers pertinent evidence (*see People v Padua*, 297 AD2d 536, 539 [2002], *lv denied* 99 NY2d 562 [2002]; *People v Brown*, 108 AD2d 922, 922 [1985]). Here, defendant and his accomplices had a rifle when they entered the stairway, defendant had the rifle

while attempting to enter the apartment in the building, and defendant was arrested with the loaded rifle. Although the People did not prove the rifle was operable and, indeed, were precluded from producing such proof by a prior order in the case, this was not an element upon which they had the burden of proof (*see People v Saez, supra* at 804). Since defendant failed to offer any evidence at trial to support a viable affirmative defense regarding whether the rifle was operable, County Court was not required to charge the lesser offense.

Defendant asserts that there is a reasonable view of the evidence that he attempted to burglarize a building, not a dwelling, and thus should have received the charge for attempted burglary in the second degree. We cannot agree. The attempted burglary charge of which defendant was convicted dealt with his unsuccessful efforts to enter the victim's second floor apartment. The parties related at the charging conference (and the record reveals) that the alleged crimes (and proof at trial) were not with regard to the entire building, but as to the specific apartment unit. The evidence established that the victims had lived in that apartment for many months and there is no reasonable view of the evidence supporting the conclusion that the apartment was only a "building" and not a "dwelling" (Penal Law § 140.00 [2], [3]; *see People v Barney, supra* at 371-372; *cf. People v Gulnac*, 309 AD2d 1070, 1070-1071 [2003]; *People v Chandler*, 307 AD2d 585, 585-586 [2003], *lv denied* 100 NY2d 641 [2003]).

We find neither an abuse of discretion nor extraordinary circumstances meriting a reduction in defendant's sentence (*see People v Gilliam*, 300 AD2d 701, 703 [2002], *lv denied* 99 NY2d 628 [2003]). Although he received maximum sentences for the crimes of which he was convicted, they were all made to run concurrently despite the fact that the sentence for the controlled substance conviction could have been consecutive (*cf. People v Mason*, 2 AD3d 1207, 1207-1208 [2003]). Defendant's self-induced drug problems do not justify a reduction of his sentence in this case (*see People v Jenkins*, 256 AD2d 735, 737 [1998], *lv denied* 93 NY2d 854 [1999]).

Cardona, P.J., Mercure, Crew III and Mugglin, JJ., concur. Ordered that the judgment is affirmed.