■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALILA TAYLOR, Appellant. [18 NYS3d 714]—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Condon, J.), rendered August 23, 2012, convicting her of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review her current challenge to the legal sufficiency of the evidence in support of her conviction of murder in the second degree (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find it was legally sufficient to establish the defendant's guilt of murder in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the Supreme Court committed reversible error in permitting the prosecution to impeach one of its witnesses, who testified pursuant to a material witness order, because the witness's trial testimony did not tend to disprove or affirmatively damage the People's case (*see generally People v Saez*, 69 NY2d 802 [1987]; *People v Fitzpatrick*, 40 NY2d 44 [1976]; CPL 60.35). However, any error that may have been occasioned by the admission of the impeachment evidence, or in the court's failure to immediately provide the jury with a limiting instruction regarding the proper evaluation of the impeachment evidence, was harmless, as there was overwhelming evidence of the defendant's guilt and the limited nature of the challenged impeachment evidence posed no significant probability that the error affected the verdict (*see People v Saez*, 69 NY2d 802 [1987]; *People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

Similarly unavailing is the defendant's contention that a

mistrial was warranted because testimony regarding a prior uncharged crime or bad act that she had committed was erroneously presented at trial. The record demonstrates that the single, brief reference to the incident was not elicited by the prosecutor, but was volunteered by a witness, who further testified that the defendant denied any involvement in it. No other testimony was presented on this matter. Thus, even if this limited testimony were improper, a mistrial was unwarranted, as any error in this regard was harmless in view of the overwhelming evidence of the defendant's guilt and the absence of any significant probability that the error affected the verdict (*see People v Crimmins*, 36 NY2d at 241-242; *People v Louis*, 99 AD3d 725 [2012]; *People v Helenese*, 75 AD3d 653 [2010]; *People v Evans*, 16 AD3d 595 [2005]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.