# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

313

KA 15-00111

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

RUDOLPH YOUNG, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), entered December 15, 2014. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed upon his conviction of criminal possession of stolen property in the fourth degree (Penal Law § 165.45 [4]), for which he was sentenced as a persistent felony offender to an indeterminate prison term of 25 years to life. We previously affirmed the judgment of conviction on defendant's direct appeal, specifically rejecting his contention that he was improperly sentenced as a persistent felony offender (*People v Young*, 255 AD2d 907, 908, *affd* 94 NY2d 171). Contrary to defendant's current contention, we conclude that the subsequent vacatur of a separate judgment of conviction (*see Young v Conway*, 761 F Supp 2d 59, *affd* 698 F3d 69, *cert denied* ___ US ___, 134 S Ct 20) does not require vacatur of his sentence and a new persistent felony offender hearing. Neither of the felonies at issue in *Young v Conway* was used as a predicate felony to determine defendant's eligibility to be sentenced as a persistent felony offender (*see* Penal Law § 70.10 [1]; *cf. People v Dozier*, 78 NY2d 242, 248), and defendant's lengthy and serious criminal history, including a murder conviction from North Carolina, was sufficient to support Supreme Court's determination that defendant's "history and character," along with the "nature and circumstances of his criminal conduct," warranted imposition of a persistent felony offender sentence, even without consideration of the since-vacated conviction. We note that defendant

admitted to the police that he had committed between 45 and 60 burglaries during a two-month period in 1988, and he later admitted to a probation officer that he committed between 140 and 150 burglaries between July 1988 and January 1990. Moreover, the court, in denying defendant's motion, stated that it did not consider the vacated conviction in sentencing defendant as a persistent felony offender, and we perceive no basis in the record to doubt that representation. In any event, the record is clear that the court intended to sentence defendant as it did without considering any of the facts relating to the vacated conviction, and there is therefore no need to remit for resentencing (*see People v Robles*, 251 AD2d 20, 21, *lv denied* 92 NY2d 904; *People v Capers*, 177 AD2d 992, 993-994, *lv denied* 79 NY2d 944).

We reject defendant's further contention that the Grand Jury Clause of the New York State Constitution (NY Const, art I, § 6) required that he be indicted on a class A-I felony before the court could impose the sentence of imprisonment authorized for a class A-I felony. That section merely requires that, absent a waiver, a person facing a felony charge must be indicted by a grand jury. It does not require that a defendant facing the possibility of sentencing as a persistent felony offender be indicted on an A-I felony, nor does it render improper the Legislature's authorization of the imposition of an A-I felony sentence for a persistent felon. Finally, we reject defendant's contention that the persistent felony offender statutes (Penal Law § 70.10; CPL 400.20) violate the Federal Constitution. The Court of Appeals has repeatedly rejected that contention (*see People v Quinones*, 12 NY3d 116, 125-131, *cert denied* 558 US 821; *People v Rosen*, 96 NY2d 329, 334-335, *cert denied* 534 US 899) and, contrary to defendant's contention, nothing in *Alleyne v United States* (___ US ___, 133 S Ct 2151) requires a different result. Inasmuch as the factors that made him eligible for enhanced sentencing were prior convictions that were based on proof beyond a reasonable doubt, those factors were not "based on [the court's] finding by a preponderance of evidence" (*Alleyne*, ___ US at ___, 133 S Ct at 2163).

Entered:  May 6, 2016                        Frances E. Cafarell
                                             Clerk of the Court