People v Ayotunji Akinlawon (2018 NY Slip Op 00940)





People v Ayotunji Akinlawon


2018 NY Slip Op 00940


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1457 KA 14-00562

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
AYOTUNJI AKINLAWON, ALSO KNOWN AS JERRY MCCULLOUGH, DEFENDANT-APPELLANT. 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (James J. Piampiano, J.), rendered October 31, 2013. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the first degree (Penal Law
§ 160.15 [4]). A person is guilty of robbery in the first degree when he or she "forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (id. [emphasis added]).
Viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention, a charge of robbery in the first degree under Penal Law § 160.15 (4) does not obligate the People to prove that the object displayed was a loaded or an operable weapon, or that such object constituted a "firearm" within the meaning of section 265.00 (3) (see People v Lopez, 73 NY2d 214, 220 [1989]; People v Saez, 69 NY2d 802, 804 [1987]). Instead, the object displayed need only appear to be some type of firearm (see Lopez, 73 NY2d at 220). As the Lopez Court elaborated, a "towel wrapped around a black object . . . , a toothbrush held in a pocket . . . or even a hand consciously concealed in clothing may suffice . . . if under all the circumstances the defendant's conduct could reasonably lead the victim to believe that a gun is being used during the robbery" (id.). Indeed, so long as the object displayed appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm, " the true nature of the object displayed is, as concerns criminality, irrelevant' " (People v Smith, 29 NY3d 91, 96 [2017], quoting People v Baskerville, 60 NY2d 374, 381 [1983] [emphasis added]). Here, it is undisputed that the robber displayed an object that appeared to be a firearm. Defendant's supposition that the object displayed might have been a BB gun is entirely consistent with the undisputed fact that the robber displayed an object that appeared to be a firearm (see People v Howard, 92 AD3d 176, 178-180 [1st Dept 2012], affd 22 NY3d 388 [2013]; People v Stewart, 140 AD3d 1654, 1654-1655 [4th Dept 2016], lv denied 28 NY3d 937 [2016]).
Defendant next contends that County Court erred in denying his request to charge the jury on the statutory affirmative defense to robbery in the first degree, to which a defendant is entitled if the object displayed "was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]; see generally Lopez, 73 NY2d at 219). We reject that contention. Even if, as defendant claims, [*2]the perpetrator displayed a BB gun during the robbery, a BB gun still qualifies as a "weapon which discharge[s] a shot . . . readily capable of producing serious physical injury" (People v Richard, 30 AD3d 750, 753 [3d Dept 2006], lv denied 7 NY3d 869 [2006]; see People v Padua, 297 AD2d 536, 539 [1st Dept 2002], lv denied 99 NY2d 562 [2002]; see also United States v Rosa, 507 F3d 142, 160-161 [2d Cir 2007]). As the Third Department has recognized, a BB gun is readily capable of causing serious physical injury "if shot at close range at a person's eye or temple" (People v Perez, 93 AD3d 1032, 1035 [3d Dept 2012], lv denied 19 NY3d 1000 [2012]; see generally § 10.00 [10]). Thus, when the object displayed is a BB gun, as defendant claims it was here, "the affirmative defense [in section 160.15 (4)] comes into play only when it is demonstrated by a preponderance of the evidence that the [BB] gun was unloaded or inoperable" (Padua, 297 AD2d at 539 [emphasis added]; see Rosa, 507 F3d at 160-161; cf. People v Hall, 50 AD3d 1467, 1468 [4th Dept 2008], lv denied 11 NY3d 789 [2008]; People v Espinoza, 253 AD2d 983, 983 [3d Dept 1998]; but see People v Starks, 91 AD3d 975, 976 [2d Dept 2012], lv denied 18 NY3d 998 [2012]; People v Layton, 302 AD2d 408, 408 [2d Dept 2003]). Here, there is no reasonable interpretation of the evidence, even when viewed in the light most favorable to defendant, that the BB gun allegedly displayed was unloaded or inoperable, and the court therefore properly denied defendant's request to charge the affirmative defense (see People v Morales, 36 AD3d 957, 958-959 [3d Dept 2007], lv denied 8 NY3d 988 [2007]).
We have examined defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court