People v Camacho (2025 NY Slip Op 02136)

People v Camacho

2025 NY Slip Op 02136

Decided on April 10, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 10, 2025

Before: Manzanet-Daniels, J.P., Kern, Kapnick, González, Scarpulla, JJ. 

Ind No. 484/21|Appeal No. 3946|Case No. 2022-01165|

[*1]The People of the State of New York, Respondent,
v
Paulino Camacho, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Adrienne Wells of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Nayeon K. Chung of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered January 12, 2022, convicting defendant, upon his plea of guilty, of one count of persistent sexual abuse and sentencing him to a determinate term of three years followed by seven years of postrelease supervision, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.
On December 3, 2021, defendant appeared with counsel and entered a plea of guilty to the felony of persistent sexual abuse in exchange for a sentence of three years of incarceration, to be followed by seven years of postrelease supervision. Defendant admitted that on November 24, 2020, he grabbed the complaining witness and squeezed her buttocks. Defendant confirmed that he was previously convicted of forcible touching in 2015, and again for a separate forcible touching offense in 2016. Following entry of the guilty plea, defendant declined to dispute the predicate felony statement, which alleged that defendant was previously convicted of persistent sexual abuse in 2018.
The Department of Probation submitted a presentence report on January 11, 2022, the day prior to sentencing. Defendant alleges that he was never interviewed by the Department and correctly notes that several critical sections of the report are incomplete. For example, the Summary of Defendant's Statement and Evaluative Analysis sections state that defendant's case was reassigned, and the new Investigation officer needs additional time to prepare the report. Further, the Evaluative Analysis section requests an adjournment and a new court order to the Department of Probation so they could obtain the necessary information. The report contains no information about defendant's mental or physical health, the circumstances of his arrest, or the promised sentence. Finally, the report incorrectly lists 2013 as the last time he used controlled substances or alcohol.
On January 12, 2022, defendant appeared before the court for sentencing without the presence of his assigned counsel. Upon the court's request, another attorney from the same office appeared virtually on the matter. There is no indication that the substitute attorney had any knowledge of defendant's case or had reviewed the presentence report. When the court informed the substitute attorney of the negotiated sentence, the attorney stated, "[a]s long as my client agrees that's the promise, I have nothing further." Prior to imposing sentence, defendant inquired whether the postrelease portion of his sentence would terminate his postrelease sentence from a prior conviction. The court responded equivocally, stating "I don't believe that terminates that"; and "I believe so" when defendant replied, "[s]o, that's going to be combined with this seven." In response to this exchange, substitute counsel made no inquiry or statements. The court then imposed the promised sentence with no discussion of the presentence report or a [*2]definitive answer to defendant's question concerning the duration of his postrelease supervision.
Defendant served his period of incarceration and has since been released. Defendant argues that his sentence was excessive because the presentence report failed to include, and the court failed to consider, defendant's extensive history of personal trauma, substance abuse, and mental health issues, and requests the court to reduce his postrelease supervision to the minimum term of five years.
Where a person is convicted of a felony, the court must order a presentence investigation of the defendant and it may not pronounce sentence until it has received a written report of that investigation (CPL 390.20[1]; see People v Selikoff, 35 NY2d 227, 238 [1974], cert denied 419 US 1122 [1975]["the statute mandates, and it is the public policy of this State to require, a presentence report before sentence be imposed"]). The presentence report must be current and contain updated information pertinent to the imposition of a proper sentence (see People v Laster, 140 AD2d 233, 233 [1st Dept 1988], citing People v Saez, 121 AD2d 947 [1st Dept 1986], affd 69 NY2d 802 [1987][three-and-a-half-year-old presentence report that contained no information regarding the defendant's background, activities in prison, or history following release from prison was inadequate]). We hold that the presentence report in this case was inadequate, as it omitted crucial information regarding defendant's history of trauma, mental health and substance abuse issues and failed to include a victim impact statement, among other things (CPL 390.30). We particularly note that defendant had not been interviewed prior to the report's issuance and that Probation requested an adjournment of sentencing so that the newly assigned case officer could conduct the investigation.
Defendant, who was not represented by his assigned counsel at sentencing, did not waive his entitlement to a current, updated report by failing to affirmatively object to the presentence report's sufficiency (see People v Andujar, 110 AD2d 606, 607-608 [1st Dept 1985] [failure to object to absence of presentence report at sentencing does not constitute waiver]).
Because the court pronounced sentence prior to receiving a current and complete presentence report, we vacate the sentence and remand the matter for resentencing in compliance with CPL 390.20(1) (see People v Saez, 121 AD2d at 948).
We have considered the remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 10, 2025