■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County, rendered April 19, 1976, convicting him of robbery in the first (two counts), second and third degrees, upon a jury verdict, and imposing sentence. Judgment modified, on the law and as a matter of discretion in the interest of justice, by (1) reducing defendant's conviction under the second count of the indictment from one of robbery in the first degree to one of robbery in the second degree and (2) dismissing

defendant's convictions of robbery in the second and third degrees. As so modified, judgment affirmed and case remanded to Criminal Term for resentencing as to the robbery conviction under the second count of the indictment (see CPL 470.20, subd 3). Defendant's conviction of robbery in the first degree under the second count of the indictment was based upon his display of a revolver in the course of a robbery. However, the evidence adduced on the People's case established by a preponderance of the evidence that the revolver was in fact a starter's pistol which could not have discharged a shot. Thus, defendant was entitled to the benefit of the affirmative defense contained in subdivision 4 of section 160.15 of the Penal Law. Although defendant did not raise the issue at trial by requesting an appropriate charge, this court can review the question in the interest of justice (see CPL 470.15, subd 6, par [a]). Accordingly, defendant's conviction of robbery in the first degree under the second count of the indictment has been reduced to one of robbery in the second degree (see CPL 470.15, subd 2, par [a]). Defendant's convictions of robbery in the second and third degrees must be dismissed since they are lesser included offenses of his conviction of robbery in the first degree under the first count of the indictment (see CPL 300.40, subd 3, par [b]). Hopkins, J. P., Martuscello, Latham and Gulotta, JJ., concur.