■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE EDWARDS, Appellant.—Judgment of the Supreme Court, Bronx County (Covington, J.), rendered December 12, 1984, convicting defendant, after trial by jury, of robbery in the first degree (two counts), burglary in the first degree (five counts) and robbery in the second degree, and sentencing him, as an armed violent felon, to concurrent terms of imprisonment of 12½ to 25 years for the first degree robbery and first degree burglary convictions and 5 to 15 years for the second degree robbery conviction, modified, on the law and as a matter of discretion in the interest of justice, to reduce the convictions of the two counts of robbery in the first degree

(Penal Law § 160.15) to robbery in the second degree, the convictions of two counts of burglary in the first degree (Penal Law § 140.30 [4]) to burglary in the second degree, to reverse and vacate the sentences for the convictions of three counts of burglary in the first degree (Penal Law § 140.30 [2]) and substitute therefor concurrent sentences of 8⅓ to 25 years on each of these counts, and to remand the matter for resentencing on the other reduced counts in accordance with the memorandum herein, and otherwise affirmed.

Defendant was convicted of two counts of robbery in the first degree and two counts of burglary in the first degree based upon his display of "what appears to be a pistol, revolver * * * or other firearm" (Penal Law § 140.30 [4]; § 160.15 [4]). However, it is an affirmative defense, reducing the crime from the first to the second degree, that such firearm was not a loaded weapon "from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 140.30 [4]; § 140.25 [1] [d]; § 160.15 [4]; § 160.10 [2] [b]). The weapon used by defendant was not capable of firing a real bullet. Although defendant neither requested the court to charge this affirmative defense nor objected to its absence in the court's charge, we find, in the interest of justice, that such an affirmative defense was established as a matter of law and reduce his convictions for robbery and burglary, by display of what appeared to be a pistol, from the first to the second degree, and remand for resentencing on these counts.

Defendant was also illegally sentenced on the convictions for three counts of burglary in the first degree (Penal Law § 140.30 [2]) since these crimes are not class B armed felony offenses (see, CPL 1.20 [41]; Penal Law § 70.02). A defendant may be sentenced to a minimum of one half the maximum upon his conviction of a class B armed felony offense. Other than this, the minimum must be fixed at one third the maximum. The elements enumerated in CPL 1.20 (41) are not present in Penal Law § 140.30 (2), which requires that a defendant cause physical injury in the course of a burglary, and, therefore, burglary in the first degree as defined in Penal Law § 140.30 (2) is not a class B armed felony offense. The court erred, consequently, in fixing the minimum sentence at one half the maximum and imposing a 12½-to-25-year term of imprisonment, and we reduce these sentences to 8⅓ to 25 years.

We have examined the defendant's remaining contentions

and find them to be without merit. Concur—Kupferman, J. P., Sullivan, Ross, Asch and Rosenberger, JJ.