■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE GROVES, Appellant. [725 NYS2d 296] —Judgment, Supreme Court, New York County (Micki Scherer, J.), rendered December 3, 1998, convicting defendant, after a jury trial, of robbery in the first and second degrees and grand larceny in the third degree, and sentencing him, as a second violent felony offender, to concurrent terms of 13 years, 13 years and 3½ to 7 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Evidence that an object was pressed against the victim's back, and that according to the victim the object felt like a gun, satisfied the "[d]isplays what appears to be a * * * firearm" element of robbery in the first degree (Penal Law § 160.15 [4]; *People v Lopez*, 73 NY2d 214; *People v Baskerville*, 60 NY2d 374; *People v Garcia*, 278 AD2d 147).

We perceive no basis for reduction of sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RAMOS, Appellant. [723 NYS2d 352] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered September 23, 1998, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 15 years, unanimously affirmed.

The court's charge, which included extensive instructions on factors to be considered in the jury's evaluation of the accuracy of identification testimony under the reasonable doubt standard, and fully explained the requirement of proof beyond a reasonable doubt and its applicability to all the elements of the crime, sufficiently conveyed the principle that defendant's identity had to be proven beyond a reasonable doubt (*see, People v Knight*, 87 NY2d 873). In any event, the case did not turn on identification testimony alone, since a police officer observed defendant fleeing the scene of the robbery as the complainant pointed him out, and captured defendant without losing sight of him (*see, People v Andino*, 244 AD2d 194, *lv denied* 91 NY2d 888). Concur—Mazzarelli, J. P., Andrias, Saxe, Buckley and Friedman, JJ.