(April 10, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBIE GREENE, Appellant. [834 NYS2d 111]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered May 10, 2004, convicting defendant, after a jury trial, of burglary in the third degree and five counts

of possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years on the burglary conviction and 1 year each on the misdemeanor convictions, unanimously affirmed.

The uncontested facts adduced at the suppression hearing established that on August 23, 2004, at approximately 5:40 P.M., the police responded to a report that two laptop computers had just been stolen from a seventh floor office at 118 West 22nd Street in Manhattan. When they arrived, they were met by a Ms. Iwakawa-Grieve who told them that about 10 minutes earlier a man had come into her office without permission. Because access to the floor was limited to tenants with keys, he was asked to leave and did so. After the man was observed leaving the building, two laptops were determined to be missing. Ms. Iwakawa-Grieve told the police that her colleague, a Mr. Cooley, who was in the office at the time, had left the office and was following the man. While the police were talking to Ms. Iwakawa-Grieve, Mr. Cooley, using his cellular telephone, called to report that he had followed the man into the subway and onto a southbound F train. Approximately 10 minutes later, another police officer responded to the Broadway/Lafayette Street subway station where Mr. Cooley, who had asked the conductor to close the subway doors and call the police, pointed out defendant, who was sitting alone in a closed subway car holding a black bag later determined to contain burglar's tools. Approximately an hour later, the police took Ms. Iwakawa-Grieve to the subway station where she identified defendant as the man she had seen in her office.

The showup identification at the subway station was not unduly suggestive. As recognized by the suppression court, showup identifications are generally suspect and must be scrutinized very carefully for unacceptable suggestiveness and unreliability (*People v Duuvon*, 77 NY2d 541, 543 [1991]). However, factors such as Ms. Iwakawa-Grieve's running account of Mr. Cooley's pursuit of the suspect, via cell phone, and her natural expectation that she was going to see someone in custody as a result of that pursuit, did not render the ensuing identification impermissibly suggestive. As the suppression court found, this scenario did not present "the kind of inherent suggestiveness—even if it were police arranged—that requires a court to step in. That's simple common sense" (*see People v Gatling*, 38 AD3d 239, 240 [2007]). The court also noted that although the distance from the scene of the crime to the subway station was about two miles and not just around the corner, as was the case in *Duuvon*, defendant had not been dragged, literally or figuratively, back to

the scene of the crime or some other place, but had been identified where he was arrested. Finally, as to the timeliness of the showup, the Court of Appeals has declined to draw a bright-line rule and has left the appropriate time period to be determined on a case-by-case basis (*People v Brisco*, 99 NY2d 596, 597 [2003]). Given the circumstances, any delay here did not negate the reasonableness of the police conduct. Concur—Andrias, J.P., Saxe, Buckley, Gonzalez and McGuire, JJ.