■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIJUAN SMITH, Appellant. [909 NYS2d 70]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered August 4, 2008, convicting defendant, after a nonjury trial, of robbery in the first degree, and sentenc-

ing him, as a second felony offender, to a term of eight years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see *People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's credibility determinations. The "[d]isplays what appears to be a . . . firearm" element of robbery in the first degree (Penal Law § 160.15 [4]) was satisfied by evidence that defendant pressed a hard object, which the victim believed to be a handgun, against the victim's waist while demanding money (see *People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Groves*, 282 AD2d 278 [2001], *lv denied* 96 NY2d 901 [2001]).

Defendant's challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see *People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1992]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The prosecutor should not have made a propensity argument regarding defendant's prior convictions, which had been admitted for impeachment only. However, we find that this argument did not deprive defendant of a fair trial, particularly since this was a nonjury trial where the trier of fact is presumed capable of disregarding such remarks (see *People v Tong Khuu*, 293 AD2d 424, 425 [2002], *lv denied* 98 NY2d 714 [2002]). Concur—Andrias, J.P., Nardelli, Moskowitz, DeGrasse and Román, JJ.