[959 NE2d 479, 935 NYS2d 542]

The People of the State of New York, Appellant, v John Grant, Respondent.

Argued September 14, 2011; decided October 20, 2011

## POINTS OF COUNSEL

*Daniel M. Donovan, Jr., District Attorney*, Staten Island (*Morrie I. Kleinbart* and *David Frey* of counsel), for appellant. Defendant's explicit statement that he had a gun and would shoot if the bank teller would not comply with his demand for money was competent to prove defendant's actual possession of a dangerous instrument. (*People v Pena*, 50 NY2d 400, 449 US 1087; *People v Bello*, 92 NY2d 523; *People v Jennings*, 69 NY2d 103; *People v Swamp*, 84 NY2d 725; *People v Deegan*, 69 NY2d 976; *People v Pettigrew*, 14 NY3d 406; *People v Peralta*, 3 AD3d 353; *People v Brewster*, 100 AD2d 134; *Reed v McCord*, 160 NY 330; *People v Caban*, 5 NY3d 143.)

*Steven M. Statsinger*, New York City, for respondent. Since the People introduced no evidence, apart from the threat, that John Grant actually possessed a firearm, and did not instruct the grand jury that actual possession was an element of the offense, the decision appealed from should be affirmed. (*People v Ford*, 11 NY3d 875; *People v Pena*, 50 NY2d 400; *People v Jennings*, 69 NY2d 103; *People v Swamp*, 84 NY2d 725; *People v Mayo*, 36 NY2d 1002; *People v Deegan*, 69 NY2d 976; *People v Hilton*, 145 AD2d 352; *People v Moore*, 185 AD2d 825; *People v Robare*, 109 AD2d 923; *People v Stefano*, 134 AD2d 906.)

## OPINION OF THE COURT

CIPARICK, J.

In this appeal, we are called upon to determine whether defendant's written statement threatening to shoot a robbery victim with a gun constitutes legally sufficient evidence that he was in actual possession of a dangerous instrument at the time of the crime to support the charge of robbery in the first degree (Penal Law § 160.15 [3]). We hold that such statement, by itself, is legally insufficient.

Defendant was indicted on one count of first-degree robbery and on one count of grand larceny in the fourth degree (Penal Law § 155.30 [1]). During the grand jury proceeding, the People adduced evidence that on the afternoon of May 22, 2008, defendant entered a Staten Island bank, approached a teller assigned to one of the stations in the front and passed her a

handwritten note. The note, written on the back of a deposit slip, stated, "I have A Gun Fill bag, Dont say anything, or I'll shoot." The teller, who did not testify in the grand jury that she saw a weapon, complied with the note's directive and filled defendant's bag with the money she had at her station. The teller returned the bag containing $1,810 to defendant, but retained the demand note. Once defendant walked out of the bank with the money, the teller locked the doors and notified the police.

Sometime thereafter, a detective responded to the scene. The detective retrieved video stills from the bank's surveillance equipment depicting defendant. An investigation ensued and four months later, the police took defendant into custody and placed him in a lineup. The teller viewed the lineup and identified defendant as the perpetrator of the bank robbery.

In an omnibus motion, defendant sought a dismissal of the two-count indictment or a reduction of its counts. Citing our decision in *People v Pena* (50 NY2d 400 [1980]), defendant argued that the demand note indicating that he was armed with a loaded gun was insufficient to establish the element of actual possession of a dangerous instrument necessary to sustain the first-degree robbery charge. The People opposed the motion, contending that "[d]efendant's own statement—an admission against penal interest—was that he had a loaded gun, capable of being used to shoot the teller, and thus was readily capable of causing death or other serious physical injury." Alternatively, the People suggested that actual possession of a dangerous instrument was not an element of first-degree robbery under subdivision (3) of the statute and invited the motion court to determine that we decided *Pena* incorrectly.

Supreme Court, after inspecting the minutes from the grand jury proceeding, upheld the fourth-degree grand larceny charge, but reduced the first-degree robbery count to robbery in the third degree (Penal Law § 160.05). Relying on *Pena*, it concluded that defendant's written statement threatening that he had a gun and that he would shoot, "without more," was legally insufficient to support a charge of first-degree robbery.

The Appellate Division, with one Justice dissenting, affirmed the order of Supreme Court. The court held that the People failed to establish that defendant was in "actual possession" of a dangerous instrument and that he was "readily capable of causing death or other serious physical injury" (*People v Grant*, 70 AD3d 711, 712 [2d Dept 2010]).

The dissenting Justice would have reversed the order of Supreme Court and reinstated the indictment for first-degree robbery. The Justice disagreed with the "proposition that a defendant's own words in the course of a robbery can never establish his or her actual possession of an unseen dangerous instrument" (*id.* at 715). The dissenting Justice granted the People's application for leave to appeal to our Court (14 NY3d 895 [2010]) and we now affirm.

"To dismiss [or reduce] an indictment on the basis of insufficient evidence before a Grand Jury, a reviewing court must consider 'whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (*People v Bello*, 92 NY2d 523, 525 [1998], quoting *People v Jennings*, 69 NY2d 103, 114 [1986]). The Legislature has defined legally sufficient evidence as "competent evidence which, if accepted as true, would establish every element of an offense charged" (CPL 70.10 [1]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*Bello*, 92 NY2d at 526). Thus, a reviewing court must determine " 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference' " (*id.*, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]).

With this framework in place, we now examine the elements necessary to establish the charge of first-degree robbery under Penal Law § 160.15 (3). The statute provides that

> "[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime . . .
>
> "[u]ses or threatens the immediate use of a dangerous instrument."

On appeal, defendant does not challenge that the evidence presented to the grand jury, if true, supplies proof that he forcibly stole property as defined by the Penal Law.[1] Rather, he contends

---

1. "A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force" (Penal Law § 160.00).

that the grand jury did not consider sufficient evidence establishing that he was in actual possession of a dangerous instrument at the time of the incident. The People, in turn, have abandoned their argument made in the motion court that actual possession of a dangerous instrument is not a required element of first-degree robbery under subdivision (3) of the statute. They maintain, however, that defendant's handwritten note furnishes sufficient proof that he was in actual possession of a loaded gun. We agree with defendant.

In *Pena*, the defendants challenged the legal sufficiency of their convictions for first-degree robbery, charged under the theory that, acting in concert, they forcibly stole property and used or threatened immediate use of a dangerous instrument (*see* 50 NY2d at 405; *see also* Penal Law § 160.15 [3]). There, defendants Pena and Turrell accosted a man in a park, looking for money (*see* 50 NY2d at 406). With his hand enclosed in a brown paper bag, Turrell thrust his arm toward the victim and threatened to shoot if he ran away (*see id.*). It appeared to the victim that Turrell was holding a gun (*see id.*). Meanwhile, Pena instructed the victim to surrender his coat and demanded $10 from him (*see id.*). Before the defendants retreated, they cautioned the victim that if he contacted the police, he would be killed (*see id.*). The victim ignored the defendants' warning and notified the police (*see id.*). The victim accompanied the police on a search and, a short time thereafter, he sighted the defendants standing side-by-side three blocks from the park (*see id.*). Pena was wearing the victim's coat and was holding the same type of brown paper bag that Turrell wielded during the robbery (*see id.*). The police arrested the defendants and recovered the bag that Pena was holding, which contained a knife (*see id.*). The People introduced both the bag and the knife into evidence at trial (*see id.*).

In analyzing the legal sufficiency of the evidence in *Pena*, we noted as a threshold matter that first-degree robbery, as charged under subdivision (3) of the statute, required a finding "that Turrell actually possessed a dangerous instrument at the time of the crime" (*id.* at 407). We observed that the statute, as amended, mandated this showing "on the theory that it was the *employment* of such an instrumentality that was significant" to sustain the charge (*id.* at 407 n 2).[2] Viewing the evidence in the light most favorable to the People, we concluded that all the

---

2. In *People v Ford* (11 NY3d 875 [2008]), we recently reaffirmed the principles we announced in *Pena* and concluded "that the use or threatened

circumstantial proof adduced at trial established a prima facie case that Turrell had a knife in his possession at the time of the robbery and that he, alongside Pena, used that knife to threaten the victim and forcibly steal property (*see id.* at 409).

Following our decision in *Pena*, all four departments of the Appellate Division have adopted the rule that "[a] defendant's statement that he has a weapon or a threat that he will kill or harm his alleged victim is insufficient, without more, to sustain a conviction for an offense requiring proof that the defendant used or threatened to use a dangerous instrument" (*People v Peralta*, 3 AD3d 353, 355 [1st Dept 2004]). For example, in *People v Hilton* (147 AD2d 427 [1st Dept 1989]), the victim testified that when she opened the door to her mother's apartment, she saw the defendant standing within an arm's length of her (*see id.* at 429). She further explained that the defendant claimed to have a gun and threatened to kill her and her daughter if she did not acquiesce to his demands for money (*see id.*). Neither the victim nor her daughter saw any weapon (*see id.*). Under these facts, the court concluded that the People "failed to prove by sufficient evidence that defendant actually possessed" a dangerous instrument (*id.* at 430; *see also People v Moore*, 185 AD2d 825, 826 [2d Dept 1992]; *People v White*, 155 AD2d 934, 934 [4th Dept 1989]; *People v Robare*, 109 AD2d 923, 924 [3d Dept 1985]).

Until today, we have not had the occasion to determine whether a defendant's statement that he possesses a dangerous instrument, standing alone, constitutes legally sufficient evidence that he is in actual possession of such weapon to support the charge of first-degree robbery under subdivision (3) of the statute. In *Ford*, a case we decided nearly three years ago, the defendant attempted to challenge the legal sufficiency of his first-degree robbery conviction on this basis. There, in the course of the robbery at issue, the defendant stated that he had a knife while simultaneously moving his hand toward his pants pocket (*see* 11 NY3d at 878). We examined the proof adduced at trial "in light of the court's charge as given without exception" and observed that the court did not instruct the jury that it had to find the defendant in actual possession of the knife at the time of the robbery (*id.*). Constrained by the court's unchallenged charge (*see People v Sala*, 95 NY2d 254, 260-261 [2000]),

---

use" language of first-degree robbery under Penal Law § 160.15 (3) "requires proof of actual possession" of a dangerous instrument (11 NY3d at 877 n 1 [internal quotation marks omitted]).

we concluded that the defendant's "acts, considered together, provide[d] legally sufficient evidence to establish that defendant used or threatened the immediate use of a knife in the course of the robbery" (11 NY3d at 878 [internal quotation marks omitted]).[3] However, given our disposition in *Ford*, we "express[ed] no opinion as to whether the proof in [that] case was sufficient to establish actual possession" (*id.* at 878 n 2).

We now hold, in accord with Appellate Division precedent, that a defendant's statement that he is in possession of a dangerous instrument, standing alone, does not supply sufficient proof to establish actual possession of a dangerous instrument at the time of the crime to support the charge of first-degree robbery. Rather, we conclude that this type of statement—whether in the form of a verbal threat or a handwritten note—only establishes the threat of physical force necessary to support the charge of third-degree robbery. Accordingly, the People must furnish additional proof, separate and apart from a defendant's statement, that would permit a rational factfinder to infer that a defendant was in actual possession of a dangerous instrument (*see Bello*, 92 NY2d at 526). To hold otherwise would blur the distinction created in the carefully calibrated statutory scheme between the lesser included offense of third-degree robbery, a class D nonviolent felony (*see* Penal Law § 160.05), and the aggravated charge of first-degree robbery, a class B violent felony (*see* Penal Law § 160.15 [3]; § 70.02 [1] [a]).[4] Indeed, as we stated in *Pena*, it is the actual *"employment"* of a dangerous instrument that elevates the use or threat of physical force to first-degree robbery (*see* 50 NY2d at 407 n 2).

---

**3.** Following our decision in *Ford*, the criminal jury instructions for first-degree robbery under Penal Law § 160.15 (3) were amended. The instruction now includes language that the People must prove defendant "possessed a dangerous instrument" (CJI2d[NY] Penal Law § 160.15 [3] [rev Jan. 5, 2009]).

**4.** It is important to note the significant sentencing disparity between a conviction for first-degree robbery and third-degree robbery wherein offenses of increasing severity expose a defendant to correspondingly increased punishment. Following a conviction for first-degree robbery, a first time felony offender is subject to a minimum determinate sentence of five years imprisonment and a maximum imprisonment sentence of 25 years, followed by five years postrelease supervision (*see* Penal Law § 70.02 [3] [a]; § 70.45 [2]). A defendant convicted of third-degree robbery, by contrast, is subject to an indeterminate term of imprisonment not to exceed seven years (*see* Penal Law § 70.00 [2] [d]). The statutory scheme also permits a court to impose a sentence of five years probation (*see* Penal Law § 65.00 [3] [a] [i]) or a definite sentence not to exceed one year (*see* Penal Law § 70.00 [4]).

Applying this standard to the facts in this case, we agree with the courts below that the evidence presented to the grand jury did not support the charge of first-degree robbery under subdivision (3) of the statute. The only proof that the People introduced in the grand jury that defendant was in actual possession of a dangerous instrument—here, a gun—was the handwritten demand note he passed to the victim (*see e.g. Hilton*, 147 AD2d at 429; *cf. Pena*, 50 NY2d at 409). Absent some other corroboration that defendant actually possessed a dangerous instrument, "the Grand Jury could [not] rationally have drawn the guilty inference" that defendant committed the crime of first-degree robbery (*Bello*, 92 NY2d at 526). Therefore, Supreme Court properly reduced that count of the indictment to third-degree robbery.[5]

Accordingly, the order of the Appellate Division should be affirmed.

GRAFFEO, J. (dissenting). The issue in this case is whether the evidence before the grand jury was legally sufficient to establish the charge of first-degree robbery under Penal Law § 160.15 (3). The proof to support the element that defendant actually possessed a dangerous instrument consisted of his own statements made in the course of the bank robbery, when he indicated that he was armed with a gun and would shoot if his demand for money was not satisfied. Because I disagree with the majority's conclusion that this evidence of possession was legally insufficient, I respectfully dissent.

As relevant here, a person is guilty of robbery in the first

---

**5.** It appears that the dissent's discomfort with our analysis stems from the fact that, in *Pena*, we "engrafted" an actual possession of a dangerous instrument requirement to support a conviction for first-degree robbery under subdivision (3) of the statute (dissenting op at 621). According to the dissent, the statute, as amended in 1967, "strongly suggested that the Legislature did not intend for actual possession to remain an element" (dissenting op at 623 n 3). As the dissent concedes, the People no longer advance that argument on appeal (*see id.*).

In any event, the dissent posits that defendant's admission, "I have A Gun Fill bag, Dont say anything, or I'll shoot," made in the course of the robbery, supplies adequate proof that he actually possessed an operable gun. Under that rationale, the evidence presented would also supply sufficient proof that defendant was "armed with a deadly weapon" (Penal Law § 160.15 [2]). Tellingly, the People did not instruct the grand jury to consider this offense following their presentation of evidence. Their decision not to submit this charge comes as no surprise since the crux of their argument before the motion court was that actual possession of a dangerous instrument was not a required element under subdivision (3).

degree when he forcibly steals property and "[u]ses or threatens the immediate use of a dangerous instrument" during the commission of the crime (Penal Law § 160.15 [3]). A dangerous instrument means "any instrument, article or substance . . . which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Although Penal Law § 160.15 (3) does not expressly require actual possession of a dangerous instrument as an element of the crime, we engrafted such a requirement in *People v Pena* (50 NY2d 400 [1980], *cert denied* 449 US 1087 [1981]). More recently, we left open the question posed here—whether a defendant's statement identifying the type of dangerous instrument he possesses coupled with a threat to use it constitutes legally sufficient evidence of possession under the first-degree robbery statute (*see People v Ford*, 11 NY3d 875, 878 n 2 [2008]).

As the majority points out, there is Appellate Division authority supporting a special rule for Penal Law § 160.15 (3) cases, which has been articulated as follows: "A defendant's statement that he has a weapon or a threat that he will kill or harm his alleged victim is insufficient, without more, to sustain a conviction for an offense requiring proof that the defendant used or threatened to use a dangerous instrument" (*People v Peralta*, 3 AD3d 353, 355 [1st Dept 2004], *lv denied* 2 NY3d 764 [2004]).[1] Although the majority embraces such a rule, this approach is both unwarranted and inconsistent with our precedents.

Certainly, the rule described in *Peralta* cannot be traced to our decision in *Pena*. In *Pena*, defendant Turrell made a verbal threat—telling the victim "if you run, I'll shoot you"—while brandishing his arm inside of a brown paper bag (*Pena*, 50 NY2d at 406). At trial, however, the People's theory was that the dangerous instrument Turrell possessed during the robbery was not a gun but the knife later recovered from defendant Pena, who was holding a paper bag with a knife when the two were apprehended shortly after the crime. The People therefore did not rely on Turrell's statement to establish possession of a weapon since a knife had been recovered from one of the suspects. And, although we concluded that actual possession of

---

1. Ironically, it was not necessary to formulate this rule in *Peralta* because there was no such admission in that case. Rather, the defendant there was alleged to have placed a "hard object" against the victim's back, but there was no allegation of any admission made by the defendant indicating that he possessed a weapon (*Peralta*, 3 AD3d at 354).

a dangerous instrument was a required element in *Pena,* we did not suggest that an admission corresponding to the weapon alleged to have been possessed would be viewed as insufficient to support the conviction.

Moreover, the *Peralta* rule is contrary to the well-established principle that "[a]dmissions by a party of any fact material to the issue are always competent evidence against him, wherever, whenever, or to whomsoever made" (*People v Chico,* 90 NY2d 585, 589 [1997] [internal quotation marks and citations omitted]; *see also People v Casey,* 95 NY2d 354, 362 [2000]). Indeed, an admission constitutes "direct proof" of the matter asserted (*People v Rosner,* 67 NY2d 290, 295 [1986]; *see also People v Licitra,* 47 NY2d 554, 558-559 [1979], *rearg denied* 53 NY2d 938 [1981]; Prince, Richardson on Evidence § 8-202, at 511 [Farrell 11th ed] [recognizing that "an admission is received on trial as evidence of the fact stated"]).

Consistent with these precedents, I believe that a grand jury can rationally draw the inference that *Pena*'s actual possession requirement is satisfied where a defendant, by his own statements or admissions, claims to possess a weapon, identifies the type of weapon and includes a threat to use the weapon to cause harm to the victim if the victim does not comply with the demand. The proof presented to the grand jury in this case satisfied these criteria. Defendant handed the bank teller a note stating, "I have A Gun Fill bag, Dont say anything, or I'll shoot." In effect, defendant admitted that he possessed a weapon—a gun—and threatened to fire the gun if his demands were not met. I see no principled reason why a jury could not reasonably credit defendant's admission that he was carrying a gun, the only element disputed by defendant. Consequently, under the circumstances of this case, I would hold that "the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury" (*People v Bello,* 92 NY2d 523, 525 [1998] [internal quotation marks and citations omitted]).[2]

---

**2.** To the extent the People were required to show that the gun was operable to satisfy the "dangerous instrument" requirement of Penal Law § 160.15 (3), defendant's threat to shoot constituted legally sufficient evidence of its operability (*see People v Dodt,* 61 NY2d 408, 415 [1984]; *United States v Marshall,* 427 F2d 434, 437 [2d Cir 1970]; *see also People v Pettigrew,* 14 NY3d 406, 409 [2010]).

To be sure, there may be cases in which a defendant's statement is too vague to establish possession of a dangerous instrument. For example, a defendant's threat to injure or kill a robbery victim, without more, would clearly be deficient. The evidence would also fall short where a defendant does not indicate the type of weapon he is claiming to possess or fails to adequately communicate the threat. In this case, however, defendant clearly asserted that he possessed a gun and would shoot if the bank teller did not empty her money drawer.

This is also not a case in which the defendant was apprehended at the scene immediately after the crime with no weapon in his possession. Here, defendant was not arrested until months after the bank robbery, which gave him ample opportunity to dispose of the gun.

Finally, this Court has already departed from the plain language of Penal Law § 160.15 (3) by adding an actual possession requirement in *Pena*.[3] The majority now takes a further step away from the language of the statute by precluding the first-degree prosecution of individuals who undeniably "threaten[ ] the immediate use of a dangerous instrument" during the course of a robbery. This is so because the majority's conclusion that a jury, as a matter of law, may not rely on a defendant's own statements to find actual possession of a weapon under Penal Law § 160.15 (3) effectively means that a defendant must actually produce the weapon in clear view during the course of the robbery[4] or be arrested at the scene while still in possession of the weapon. Hence, the majority is rewarding those who conceal dangerous instruments during robberies and avoid apprehension long enough to rid themselves of their

---

**3.** Although the Court in *Pena* examined some of the earlier legislative history underlying Penal Law § 160.15 (3) (*see Pena*, 50 NY2d at 407 n 2), it failed to discuss what is in my view the most pertinent legislative amendment. The 1965 version of the statute provided that a person was guilty of first-degree robbery if, during the course of the robbery, he "[i]s *armed with* and uses or threatens the immediate use of a dangerous instrument" (L 1965, ch 1030 [emphasis added]). Clearly, the 1965 version contained an actual possession requirement. In 1967, however, the Legislature amended the statute by deleting the phrase "[i]s armed with" (*see* L 1967, ch 791, § 22), resulting in the current wording of the statute that strongly suggested that the Legislature did not intend for actual possession to remain an element. That being said, the People do not ask us on this appeal to revisit *Pena*.

**4.** Penal Law § 160.15 (4) separately specifies that a person is guilty of first-degree robbery if he displays what appears to be a firearm during the commission of the crime.

weapons since they can be charged only with third-degree robbery. Why encourage weapon concealment and create this disparity when it is required neither by the language of the statute nor the *Pena* rule?

Because I conclude that defendant's admission provided legally sufficient evidence, not only of a threat to use a dangerous instrument but also of his actual possession of the dangerous instrument, I would reverse and reinstate the indictment for first-degree robbery.

Chief Judge LIPPMAN and Judges PIGOTT and JONES concur with Judge CIPARICK; Judge GRAFFEO dissents and votes to reverse in a separate opinion in which Judges READ and SMITH concur.

Order affirmed.