[939 NYS2d 4]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALIK HOWARD, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILBERT STANLEY, Appellant.

First Department, January 12, 2012

APPEARANCES OF COUNSEL

*Richard M. Greenberg, Office of the Appellate Defender*, New York City (*Rebekah J. Pazmiño* and *Eunice C. Lee* of counsel), for Malik Howard, appellant.

*Steven Banks, The Legal Aid Society*, New York City (*Adrienne Hale* of counsel), for Hilbert Stanley, appellant.

*Robert T. Johnson, District Attorney*, Bronx (*Allen H. Saperstein, Joseph N. Ferdenzi* and *Peter D. Coddington* of counsel), for respondent.

## OPINION OF THE COURT

RICHTER, J.

In the early morning hours of April 21, 2006, Domingo Lopez was walking home from his job as a waiter. A car approached him at a slow speed but Lopez did not pay any attention at first because he thought they were looking for parking. Suddenly, Lopez heard people running behind him. As he turned around, Lopez saw defendants Malik Howard and Hilbert Stanley get out of the car and come towards him. Howard stood in front of Lopez, and Stanley positioned himself behind Lopez. Howard put a gun to Lopez's head and neck and took Lopez's wallet and $60 in cash from his pocket. Stanley placed an object against Lopez's back; Lopez could not be certain whether it was a gun or "something else." After taking Lopez's property, defendants returned to their car and fled. A short time later, defendants were pulled over by the police and apprehended. A black BB gun was recovered from the trunk of their car. When shown that gun at trial, Lopez testified that it appeared to be the type of gun pointed at his head and neck during the robbery.

After a jury trial, both defendants were convicted of robbery in the first degree (Penal Law § 160.15 [4]). Under that subdivision, "[a] person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime . . . he or another participant . . . [d]isplays what appears to be a pistol . . . or other firearm." However, it is an affirmative defense that the object displayed "was not a

loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (Penal Law § 160.15 [4]). If the defendant proves the affirmative defense by a preponderance of the evidence, the crime is reduced to robbery in the second degree (*People v Lopez*, 73 NY2d 214, 219 [1989]).

■ Defendants maintain that because the object displayed by Howard during the robbery was actually a BB gun and not a firearm, the affirmative defense was established as a matter of law, and the convictions should be reduced to second-degree robbery. Defendants also claim that Lopez's testimony about Stanley's placing an object against his back was insufficient to support a first-degree robbery conviction. However, defendants neither asked the court to instruct the jury on the affirmative defense nor objected to its absence in the court's charge. Likewise, defendants did not argue that the People's proof failed to satisfy the "display" element of first-degree robbery. Thus, as defendants concede, these claims are unpreserved (*see People v Gray*, 86 NY2d 10 [1995]; *see also People v Williams*, 15 AD3d 244, 245 [2005], *lv denied* 5 NY3d 771 [2005]), and we decline to review them in the interest of justice.

As an alternative holding, we find that the verdict was based on legally sufficient evidence. We also conclude that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). To satisfy the "display" element of first-degree robbery, there must be a showing that the defendant "consciously displayed something that could reasonably be perceived as a firearm . . . and that the victim actually perceived the display" (*People v Lopez*, 73 NY2d at 220). Furthermore,

> "an object can be 'displayed' without actually being seen by the victim even in outline. All that is required is that the defendant, by his actions, consciously manifest the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant has a gun" (*id.* at 222 [citations omitted]).

■ Here, Lopez testified that the two defendants surrounded him, Howard in front of him putting a gun to his head and neck and Stanley behind him placing an object against his back. Under these circumstances, Lopez could reasonably have perceived Stanley's object to be a gun, particularly since Lopez saw Howard holding a gun and at the same time felt Stanley

place something against his back (*see People v Groves*, 282 AD2d 278 [2001], *lv denied* 96 NY2d 901 [2001]).

The fact that Lopez acknowledged that the object Stanley placed against his back could have been something other than a gun is of no legal consequence. In *People v Simmons* (186 AD2d 95 [1992], *lv denied* 81 NY2d 976 [1993]), this Court affirmed a first-degree robbery conviction where the evidence showed that the defendant "simply thrust his hand forward in his pants as if armed" (186 AD2d at 96). We held that the fact that the victim believed the bulge in the defendant's pants could have been some weapon other than a gun did not constitute a failure of proof. We concluded that "Penal Law § 160.15 (4) requires only that the object displayed reasonably appears to be a gun, not that it is in fact a gun or that it could be nothing but a gun" (*id.* at 97).

The Second Department reached a similar conclusion in *People v Washington* (229 AD2d 601 [1996], *lv denied* 88 NY2d 1072 [1996]). There, the victim testified that during the robbery, the defendant put his hand in his jacket pocket and pressed a hard object to her side. She further testified that she thought the object was "probably a gun or a knife, I'm not really sure" (229 AD2d at 602). In affirming the conviction, the court stated that "[c]learly, part of the complainant's perception of the object was that it was a gun, and that portion of her perception is legally sufficient to support a finding that the defendant displayed what appeared to be a firearm" (*id.*; *see also People v Taylor*, 203 AD2d 77 [1994], *lv denied* 83 NY2d 915 [1994] [display element satisfied regardless of whether bulge in jacket could have been explained otherwise]).

Citing to *People v Lopez*, the dissent argues that the victim's testimony here was insufficient to establish the display element of first-degree robbery. *Lopez*, however, actually supports the convictions here. The Court in *Lopez* explained that the victim's perception "need not be visual, but may be limited to touch or sound, as when the defendant approaches in the dark or from behind so that the victim may only feel or hear what appears to be a gun" (73 NY2d at 220 [citation omitted]). That is precisely what happened here.

The dissent relies on several cases where courts, in the interest of justice, have reduced convictions to second-degree robbery where the affirmative defense, although not requested, was established by the evidence at trial (*see People v Edwards*, 121 AD2d 254 [1986], *lv denied* 69 NY2d 710 [1986]; *People v Lyde*,

98 AD2d 650 [1983], *lv denied* 61 NY2d 910 [1984]; *People v Williams*, 61 AD2d 992 [1978]). In those cases, however, only one gun was used during the crime and there is no indication that another firearm was displayed. Here, the object displayed from behind by Stanley, together with the victim's reasonable belief that it could be a gun, provided an independent basis for a conviction of first-degree robbery. Thus, we see no basis to exercise our interest of justice jurisdiction.

Although the People's summation focused on the gun placed against Lopez's head and neck by Howard, the People did not limit themselves to a theory that it was the only firearm displayed. Indeed, the People twice referred to Stanley's coming behind the victim and pressing an object against him. Nor did the court's charge to the jury contain any such limitation. In fact, the court instructed the jury that "you have heard testimony concerning a firearm which the People have been unable to produce in court as an exhibit because it was not recovered." Since the BB gun found in defendants' car was introduced into evidence, the court clearly was referring to the object placed against Lopez's back. Although the dissent points out that no second gun was recovered, the fact that the weapon was not recovered and introduced into evidence does not defeat a conviction for first-degree robbery (*see People v Padua*, 297 AD2d 536 [2002], *lv denied* 99 NY2d 562 [2002]; *People v Brown*, 108 AD2d 922, 923 [1985]).

*People v Grant* (17 NY3d 613 [2011]), relied upon by the dissent, is inapposite. *Grant* addresses the sufficiency of a robbery conviction under subdivision (3) of Penal Law § 160.15 (uses or threatens the immediate use of a dangerous instrument). Here, defendants were convicted under subdivision (4) (displays what appears to be a firearm).

■ Howard contends that his counsel was ineffective for failing to move for dismissal of the first-degree robbery charge. However, in light of the evidence about Stanley's actions, any such motion would have been unavailing (*see People v Barrington*, 34 AD3d 341 [2006], *lv denied* 8 NY3d 878 [2007]). Stanley claims that his counsel was ineffective for failing to pursue the affirmative defense at trial. This claim is not reviewable on direct appeal because it involves matters of strategy outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendants received effective assistance under the state and federal standards (*see*

*People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

■ Defendants' motions to suppress identification testimony were properly denied. The showup identification did not create a substantial likelihood of irreparable misidentification. Viewing the circumstances as a whole, we conclude that the showup took place within the constitutionally permissible range of temporal and spatial proximity to the crime (*see People v Brisco*, 99 NY2d 596, 597 [2003]). These are factors upon which "the Court of Appeals has declined to draw a bright-line rule and has left the appropriate time period to be determined on a case-by-case basis" (*People v Greene*, 39 AD3d 268, 270 [2007], *lv denied* 9 NY3d 865 [2007]). Although defendants also cite aspects of the manner in which the showup was conducted, these factors were generally inherent in the nature of most showups, and we do not find them unduly suggestive under the circumstances of the case (*see e.g. People v Gatling*, 38 AD3d 239 [2007], *lv denied* 9 NY3d 865 [2007]).

■ The court properly exercised its discretion in declining to impose any sanction for the nonproduction of an officer's memo book. The officer testified that his memo book did not contain any entries relevant to his testimony, and there is no evidence to the contrary.

Accordingly, the judgment of the Supreme Court, Bronx County (Robert E. Torres, J.), rendered November 25, 2009, convicting defendant Howard, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 14 years and five years postrelease supervision, should be affirmed, and the judgment of the same court and Justice, rendered June 19, 2008, convicting defendant Stanley, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 15 years and five years postrelease supervision, should be affirmed.

FREEDMAN, J. (dissenting in part). I respectfully dissent to the extent that I would reduce the convictions of both defendants to robbery in the second degree based on the undisputed evidence in the case. Domingo Lopez was held up at gunpoint in the early morning of April 21, 2006. Defendants put a gun to his head and neck and robbed him. When the police apprehended defendants, a black BB gun or air gun was recovered from the trunk of their car, and Lopez identified the gun at trial as the one that looked like the one used during the robbery.

As indicated by the majority opinion, Penal Law § 160.15 (4) provides that "[a] person is guilty of robbery in the first degree when . . . he or another participant . . . [d]isplays what appears to be a pistol . . . or other firearm." However, that Penal Law provision also states that it is an

> "affirmative defense that such pistol, revolver . . . or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense . . . or preclude a conviction of, robbery in the second degree."

There is no question in this case that the prosecution's case hinged upon the display of what appeared to be a weapon. When defendants were apprehended, the only gun that was recovered and which the victim identified at the time and at trial as what appeared to be the gun used by defendants was a BB gun or other air gun and not a firearm. The prosecution's summation focused primarily on that gun and the fear that it engendered in the victim. Had defendants requested an instruction or reduction based on the affirmative defense, they would have been entitled to one since the only gun recovered or even discussed during the trial was the BB gun. Thus, the issue is whether the interests of justice mandate a reduction of the conviction based on the fact that the only evidence of a weapon that was adduced was that of a BB gun rather than a firearm.

In *People v Edwards* (121 AD2d 254 [1986], *lv denied* 69 NY2d 710 [1986]), this Court reduced the first-degree robbery conviction to second-degree robbery where it was established as a matter of law that the weapon used was not capable of firing a real bullet even though the defendant neither requested the court to charge this affirmative defense nor objected to its absence in the charge (*id.* at 255). Similarly, in *People v Lyde* (98 AD2d 650 [1983], *lv denied* 61 NY2d 910 [1984]) and *People v Williams* (61 AD2d 992 [1978]), this Court reduced convictions in the interest of justice from first- to second-degree robbery where a starter's pistol and a toy gun were displayed, also in the absence of a request by the defendant. More recent cases in which convictions were reduced based on the display of a BB gun were *People v Layton* (302 AD2d 408 [2003]) and *People v Bowman* (133 AD2d 701 [1987], *lv denied* 70 NY2d 953 [1988]). As the majority indicates, where a defendant proves by a preponderance of the evidence that the object displayed is not

capable of producing death or serious injury, the affirmative defense set forth in Penal Law § 160.15 (4) is established. All of the evidence adduced in this case establishes that affirmative defense. Thus, as in the cases cited, the conviction should be reduced in the interest of justice.

I find the majority's alternative ground, namely that defendants "consciously displayed something that could reasonably be perceived as a firearm," to be unsupported by the evidence. There was only one statement made during the entire trial referring to what the majority relies upon, namely, "He told me to put my back [sic] and I felt the other person was touching me with something else on my back. I don't know. I cannot say it was a gun or something else." Contrary to what the majority states, the word "object" was used neither by the victim nor the prosecutor. That statement did not constitute a "display of a firearm" as described in People v Lopez (73 NY2d 214 [1989]). In Lopez, the Court of Appeals held that the display element of Penal Law § 160.15 (4) was satisfied where the defendant put his hand in his pocket "as if he had a gun" and announced "this is a stick up" (Lopez at 218). Here, the victim specifically said he did not know if the something he felt was a gun, and clearly, his focus was on the BB gun held to his head and neck. In People v Grant (17 NY3d 613 [2011]), the Court of Appeals found that a written statement during a robbery threatening to shoot a victim with a gun was insufficient to establish the possession element of Penal Law § 160.15 (3). Similarly, an ambiguous statement about feeling "something" should not be sufficient to establish the display element under Penal Law § 160.15 (4). In all of the cases cited by the majority, the victim perceived the item at issue to be a gun. In this case, the victim made only one reference to "something" and specifically stated he did not know if it was a gun.

Accordingly, I would reduce the conviction to robbery in the second degree and remand the matter for resentencing on the reduced count.

Saxe, J.P., and Friedman, J., concur with Richter, J.; Moskowitz and Freedman, JJ., dissent in part in an opinion by Freedman, J.

Judgments, Supreme Court, Bronx County, rendered November 25, 2009, and June 19, 2008, affirmed.