People v Nelson (2019 NY Slip Op 08020)





People v Nelson


2019 NY Slip Op 08020


Decided on November 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


796 KA 13-01614

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LACIM NELSON, DEFENDANT-APPELLANT. 






CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Dennis S. Cohen, A.J.), rendered June 14, 2013. The judgment convicted defendant upon a jury verdict of attempted robbery in the first degree and attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), defendant contends that the evidence is legally insufficient to establish that the victim perceived the "display[]" of a firearm because the victim testified at trial that he believed that the rifle displayed to him by defendant's accomplice during the attempted robbery was a BB gun (§ 160.15 [4]). We reject that contention. "A person is guilty of robbery in the first degree when he [or she] forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he [or she] or another participant in the crime . . . [d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (id.). The statute's "display" element requires not only that the defendant "consciously displayed something that could reasonably be perceived as a firearm," but also that "the victim actually perceived the display" (People v Lopez, 73 NY2d 214, 220 [1989]; see People v Williams, 100 AD3d 1444, 1445 [4th Dept 2012], lv denied 20 NY3d 1015 [2013]).
Contrary to defendant's contention, "a charge of robbery in the first degree under Penal Law § 160.15 (4) does not obligate the People to prove that the object displayed . . . constituted a firearm' within the meaning of section 265.00 (3)" (People v Akinlawon, 158 AD3d 1245, 1246 [4th Dept 2018], lv denied 31 NY3d 1114 [2018]; see Penal Law § 265.00). Moreover, we conclude that a BB gun constitutes a "pistol, revolver, rifle, shotgun, machine gun or other firearm" within the meaning of Penal Law § 160.15 (4) (see generally Akinlawon, 158 AD3d at 1246-1247). Thus, the victim's testimony at trial regarding the display of what he perceived to be a BB gun satisfied the "display" element.
Viewing the evidence in light of the elements of the crime of attempted robbery in the first degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict with respect to that count is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention and for the same reason set forth above, the verdict with respect to the element of display is not against the weight of the evidence on the ground that the victim believed that defendant's accomplice displayed a BB gun. With respect to the element of forcible stealing, although defendant testified that he met the victim at the victim's request so that the victim could return defendant's own property, the video evidence, as well as the victim's testimony, belied defendant's version of events. Thus, the jury was entitled to " discredit the version of the [*2]incident set forth by defendant' " (People v Gibson, 173 AD3d 1785, 1786 [4th Dept 2019], lv denied 34 NY3d 931 [2019]).
Defendant also contends that the verdict with respect to the attempted robbery in the first degree count is against the weight of the evidence because the .22 caliber rifle that was recovered from a river by law enforcement months after the crime and introduced into evidence by the People at trial was not the weapon displayed to the victim during the attempted robbery. We reject that contention inasmuch as the "People are not required to introduce into evidence the weapon used in the [attempted] robbery" (People v Padua, 297 AD2d 536, 539 [1st Dept 2002], lv denied 99 NY2d 562 [2002]; see also People v Howard, 92 AD3d 176, 181 [1st Dept 2012], affd 22 NY3d 388 [2013]). Nevertheless, at trial, the victim identified the rifle recovered by law enforcement as the weapon that defendant's accomplice displayed to him, and video evidence showed defendant's accomplice throwing what appears to be a rifle off of the footbridge where the attempted robbery occurred as he ran from the scene. The trial testimony further established that law enforcement used that video evidence in order to determine an underwater search area within which the rifle was recovered.
Contrary to defendant's further contention, we conclude that the jury's rejection of the affirmative defense under Penal Law § 160.15 (4) is not against the weight of the evidence. Under the statute, "it is an affirmative defense that [the firearm displayed] was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged" (id.). Although the rifle was inoperable when it was recovered by law enforcement from the river, defendant failed to meet his burden on the affirmative defense of establishing that the rifle was inoperable at the time of the attempted robbery (see generally People v Hill, 300 AD2d 1125, 1125-1126 [4th Dept 2002], lv denied 99 NY2d 615 [2003]). The People's evidence supported the conclusion that the rifle was rendered inoperable due to water-related corrosion some time after defendant's accomplice threw it over the bridge. Defendant likewise failed to establish that the rifle was not loaded at the time of the attempted robbery, "particularly since defendant['s accomplice] had an opportunity to discard [the bullet magazine] before the police arrested him" (People v Brown, 81 AD3d 499, 500 [1st Dept 2011], lv denied 17 NY3d 792 [2011]; see generally People v Williams, 15 AD3d 244, 245 [1st Dept 2005], lv denied 5 NY3d 771 [2005]).
We note, however, that the certificate of conviction erroneously reflects that defendant was sentenced to three years' postrelease supervision on the attempted robbery in the first degree count and five years' postrelease supervision on the attempted robbery in the second degree count (Penal Law §§ 110.00, 160.10 [1]). The certificate of conviction must therefore be amended to reflect that defendant was sentenced to five years' postrelease supervision on the attempted robbery in the first degree count and three years' postrelease supervision on the attempted robbery in the second degree count.
Entered: November 8, 2019
Mark W. Bennett
Clerk of the Court