People v Martin (2026 NY Slip Op 01632)

People v Martin

2026 NY Slip Op 01632

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, NOWAK, AND DELCONTE, JJ.

21 KA 24-01865

[*1]THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,
vNIHEIM MARTIN, DEFENDANT-RESPONDENT. 

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR APPELLANT.
KEEM APPEALS, PLLC, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-RESPONDENT. 

 Appeal from an order of the Onondaga County Court (Mary Anne Doherty, A.J.), dated November 1, 2024. The order granted that part of defendant's omnibus motion seeking to dismiss the indictment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: The People appeal from an order granting that part of defendant's omnibus motion seeking to dismiss the indictment on the ground that the evidence before the grand jury is not legally sufficient to establish the charged offenses of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the second degree (§ 265.03 [3]). This action involves the second indictment procured against defendant following a gang-related shooting that resulted in the death of the victim, a rival gang member. It is undisputed that the victim was shot and killed by a member of the victim's own gang and that the shooter was prosecuted separately.
Contrary to the People's contention, they did not adduce legally sufficient evidence before the grand jury to sustain an indictment on the crimes. " 'To dismiss . . . an indictment on the basis of insufficient evidence before a [g]rand [j]ury, a reviewing court must consider whether the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury' " (People v Gaworecki, 37 NY3d 225, 230 [2021]). " 'In the context of a [g]rand [j]ury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt' " (People v Grant, 17 NY3d 613, 616 [2011]; see Gaworecki, 37 NY3d at 230). Legally sufficient evidence is defined by the Criminal Procedure Law as "competent evidence which, if accepted as true, would establish every element of an offense charged" (CPL 70.10 [1]). Our inquiry is limited to determining "whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes, and whether the [g]rand [j]ury could rationally have drawn the guilty inference" (Grant, 17 NY3d at 616 [internal quotation marks omitted]).
The People charged defendant with murder in the second degree as an accomplice and with criminal possession of a weapon in the second degree. "A person is guilty of murder in the second degree when . . . [w]ith intent to cause the death of another person, [they] cause[ ] the death of such person or of a third person" (Penal Law § 125.25 [1]). In order to establish accomplice liability with respect to that charge, the People were required to prove that defendant, "acting with the mental culpability required for the commission [of murder in the second degree], . . . solicit[ed], request[ed], command[ed], importune[d], or intentionally aid[ed] [the perpetrator] to engage in [criminal] conduct" (§ 20.00). A person is guilty of criminal possession of a weapon in the second degree, when they "possess[ ] any loaded firearm . . . [outside their] home or place of business" (§ 265.03 [3]).
The evidence before the grand jury established that a blue Subaru Crosstrek was present at the scene of the shooting, and a police officer testified that it was his "take" that certain video evidence showed "consistencies with something sticking out of the passenger side of that vehicle at that time" (emphasis added). He did not testify that this "something" was a person, gun, or anything else, let alone that this "something" was defendant. The evidence is therefore legally insufficient to establish that defendant was in the Crosstrek or that he possessed a loaded firearm.
Even assuming, arguendo, that the People established that defendant was present in the Crosstrek, we conclude that the People failed to present legally sufficient evidence that defendant shared the perpetrator's intent to kill the victim. A "defendant's presence at the scene of the crime, alone, is insufficient for a finding of criminal liability" (People v Cabey, 85 NY2d 417, 421 [1995]). "An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose" (People v La Belle, 18 NY2d 405, 412 [1966] [internal quotation marks omitted]). There can be no "community of purpose" where, as here, the evidence establishes that defendant and the perpetrator were members of opposing gangs. Inasmuch as "the People were required to prove that defendant had a shared intent, or community of purpose with the principal actor" (People v Nelson, 178 AD3d 1395, 1396 [4th Dept 2019], lv denied 35 NY3d 972 [2020] [internal quotation marks omitted]), and they failed to offer any evidence tying defendant to the shooter, the evidence is legally insufficient with respect to intent.
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court